# Kirby *v.* The State.

*Habeas Corpus.*

1. *Habeas corpus, statutes concerning construed.*—Our statutes regulating the writ of *habeas corpus*, are not to be regarded as taking away the common law jurisdiction of *courts* to employ the writ to bring before them the body of a person illegally imprisoned; and where the imprisonment is under legal process, or judgment of an interior court, to award a writ of *certiorari* removing the record; and when the writ is thus issued the proceeding is in its nature appellate, and there may be any inquiry into the regularity of the process, judgment or sentence.

[Kirby v. The State.]

2. *Same* —When, however, the writ is sued out under the statutes, before a single magistrate upon whom they confer the jurisdiction to be exercised in vacation, the proceeding is not in its nature appellate, but rather original; and the process or sentence being drawn in question collaterally, *illegality* only, and not error or irregularity can be inquired into, and illegality not being shown, the prisoner can not be discharged, however gross the error or irregularity.

3. *Illegal imprisonment; what is.*—Where the prisoner is sentenced to hard labor for the county, a reasonable length of time, depending upon the circumstances of the particular case, must be allowed for his delivery to the proper authority, whose duty it is to carry out the sentence; and during this interval of time, it is the duty of the sheriff to confine the prisoner in the county jail; if, after such reasonable time, the sheriff still detains the prisoner in the county jail, the imprisonment, though lawful in its inception, becomes illegal, and the sheriff, ceasing to be the person authorized by law to detain the convict, he may be discharged on *habeas corpus.*

4. *Same.*—Prisoner was indicted for grand larceny, and the jury, by their verdict, found him guilty of *petit* larceny, though they assessed the value of the articles stolen at a sum, the felonious taking of which constitutes grand larceny, and assessed a fine. The court, however, passed sentence on the verdict, sentencing the prisoner to hard labor for the county, at its August term, 1878. The commissioners court failed to establish any system of hard labor, and the sheriff still held the defendant in custody, when, on the 27th day of December, 1878, the prisoner made application in vacation to a circuit judge for *habeas corpus,* who refused to discharge the convict, and remanded him to the custody of the sheriff. *Held:*

1. On such an application, inquiry could not be made whether the findings were consistent, or whether the circuit court should have passed sentence on the verdict.

2. The delays between the sentence and the delivery of a prisoner to the proper authorities, to be put to hard labor for the county, was unreasonable; and the sheriff had no authority to detain him under the sentence.

3. There being no authority to substitute imprisonment in jail, for the sentence to hard labor, and the commissioners court having failed, for an unreasonable time after sentence, to establish a system of hard labor, the convict was entitled to his discharge.

APPEAL from judgment of Judge of 12th Judicial Circuit, Hon. WILLIAM L. WHITLOCK.

The facts are stated in the opinion.

WALDEN & SON, for appellant.—It is admitted by the State that there is no hard labor system in Cherokee county; that the prisoner is confined, under the sentence of the court, to hard labor in the county jail, and that no steps have been taken to "hire out" the prisoner.

The statute, Code, § 4487, expressly declares who shall be confined in county jail, and § 4481 shows that persons sentenced to hard labor for the county can only be "confined, chained, or otherwise shackled," etc., in certain cases, neither one of which apply here; for it is not claimed that *any* court has ordered his confinement as provided by said section. The sheriff would have the same right to punish by stripes, did we have such a punishment under our laws, as he would to confine the prisoner. The sentence is "to hard labor for the county," not that he be confined in county jail. They

[Kirby v. The State.]

are separate and distinct punishments.   The prisoner should have been discharged.

HENRY C. TOMPKINS, Attorney-General, *contra.*—There can be no doubt that the sentence authorizes the confinement of the convict; it was contemplated by the law that he should be confined in a certain sense at all times, and it is equally certain that an actual confinement in a house at night and at other times when not engaged in the performance of the labor, would not be a false imprisonment.   The statute gives the Court of County Commissioners authority to work the convicts on the public roads and other public works, and it seems clear that it would be perfectly lawful, where it was convenient, to use the jail for their confinement when not engaged in work.   Then the whole question seems to be reduced to this: does the failure to put a convict to hard labor where the sentence imposes that, in addition to confinement, render the confinement illegal, and entitle defendant to a discharge on *habeas corpus?*   There is no evidence that the defendant was in solitary confinement, and the law certainly never contemplated that defendant should be entitled to a discharge because circumstances rendered it impracticable or impossible to impose the more vigorous part of a sentence. If it did, a defendant sentenced to hard labor, which from sickness he would be unable to perform, could not be confined, but must be discharged.—1 Bish. Crim. Pro. § 887, and authorities cited.

BRICKELL, C. J. —The appellant was, at the August term, 1878, of the Circuit Court of the county of Cherokee, indicted for the larceny of several articles of merchandise, the aggregate value of which was averred to be thirty-three 10-100 dollars.   On a trial on the plea of not guilty, the jury by their verdict found him guilty of petit larceny, assessed against him a fine of five hundred dollars, and assessed "the value of the property stolen at the sum of $33 15-100."   The fine and costs not being paid or secured, the court sentenced the appellant " to hard labor for the county of Cherokee, as the statute authorizes, under the direction‘ of the Court of County Commissioners of said county, for the period of one hundred and forty days, in satisfaction of the fine in this case, and for an additional period of five hundred and forty days, at fifteen cents per day, to pay or in satisfaction of the costs in said cause, to-wit: forty-seven 85-100 dollars costs of suit, and also in satisfaction of the value of the goods stolen by the defendant as assessed by the jury, to-wit: thirty three 15-100 dollars."   The appellant being imprisoned in

the county jail, on the 27th December, 1878, applied for and obtained from the judge of the 12th judicial circuit, a writ of *habeas corpus* for his discharge. On the return of the writ, and on a hearing, it appearing the appellant was detained by authority of the sentence aforesaid, and that the Commissioners' Court of Cherokee had failed to establish as required by law, a system of hard labor for the county, the judge refused to discharge the appellant and remanded him to imprisonment.

The writ of *habeas corpus* has been defined, or rather described, as "that legal process which is employed for the summary vindication of the right of personal liberty when illegally restrained."—Hurd on Habeas Corpus, 129. It is a common law writ, employed by the courts of common law, of superior jurisdiction, and the Court of Chancery, before the enactment of statutes regulating its use. These statutes have not been construed as diminishing the common law jurisdiction of the courts in the employment of the writ. They are regarded as "increasing the facilities for procuring it, enlarging the class of officers having jurisdiction in respect of it, imposing penalties for refusing to grant it, or to obey it, and providing for a speedy return, and prompt trial and discharge of the person, if not held according to the law of the land."—*People, &c. v. Siscomb*, 60 N. Y. 566. The statutes of this State do not extend to the writ as a common law remedy, employed by the courts of superior jurisdiction, or the Court of Chancery, returnable into court, and heard in term time. They treat of it and confer jurisdiction, as a remedy for illegal imprisonment, to be pursued by judicial officers, differing in degree, and of different general jurisdiction, returnable not into court, but in vacation, and heard by the officer as a magistrate, and not as a court.

A superior court, in the exercise of its common law jurisdiction, may employ the writ of *habeas corpus* to bring before it the body of a person illegally imprisoned, and if the imprisonment is under legal process, or the judgment or sentence of a court of inferior jurisdiction, may award a writ of *certiorari*, removing the record. The proceeding is then in its nature *appellate,* and there may be an inquiry into the regularity of the process, judgment, or sentence. When, however, the writ is sued out under the statute, and the jurisdiction conferred by the statute on a single magistrate, is to be exercised in vacation, the proceeding is not in its nature *appellate*, but rather *original,* and the validity of the process, judgment, or sentence, is drawn in question collaterally. The general principle, then, prevails, that when a record, or process, is collaterally assailed, it must be for *ille-*

*gality,* not for *error or irregularity.* The statute affirms this principle, in declaring that on the return to a writ of *habeas corpus,* there is no "authority to inquire into the legality or justice of any order, judgment, decree or process of any court legally constituted, or into the justice or propriety of any commitment for contempt made by a court, officer, or body, according to law, and charged in such commitment." Code of 1876, § 4961. The word *legality* is here employed in the sense of *regularity,* and not in a sense which would exclude an inquiry into the jurisdiction of the court or officer issuing the process or rendering the judgment. If jurisdiction has not attached—if the process, or judgment, is therefore without authority of law, it is not only *irregular,* but *illegal.* But if jurisdiction has attached, and there is a departure from, or a neglect to observe the prescribed mode of procedure, the process or judgment is merely irregular. However gross may be the irregularity, the correction of it is not the function of a *writ of habeas corpus,* prosecuted under the statute.—*Ex parte McKivett,* 55 Ala. 236.

We do not, consequently, inquire whether the verdict of the jury is in its findings consistent, or if defective, whether the Circuit Court should have pronounced judgment upon it. If there be error in this respect, an appeal is the remedy for its correction if the error is prejudicial to the appellant.—*Ex parte Van Hagan,* 25 Ohio, 426.

The right of the appellant to a discharge must, therefore, depend solely on the fact, that the sentence is to hard labor for the county, and not to imprisonment in the county jail, and the inquiry, whether the sentence authorizes the imprisonment. The statute declares "legal punishments in this State, besides removal from office and disqualification to hold office, are fines, hard labor for the county, imprisonment in the county jail, imprisonment in the penitentiary, and death by hanging.—Code of 1876, § 4450.

The statutes also carefully define the punishment which may be imposed for each criminal offense. Petit larceny is punishable by imprisonment in the county jail, or hard labor for the county, for not more than twelve months, and at the discretion of the jury, a fine not exceeding five hundred dollars may be imposed. When a fine is imposed, if the party does not pay or secure it, and the costs, he may be sentenced to hard labor for the county, or imprisoned in the county jail.—Code of 1876, § 4455. Hard labor for the county, is under the superintendence and control of the Court of County Commissioners, as are the convicts sentenced to perform it, and they determine in what manner, and on what particular works it is performed. It includes labor on the public

roads, public bridges, and other public works in the county, and also the letting of the convict to hire. At the first term of the Commissioners' Court in each and every year, it is a duty imposed on the court to determine the employment of convicts sentenced to hard labor for the county. The convict sentenced to hard labor can be confined, chained, or otherwise shackled, only by order of the court trying him, or by order of the Commissioners' Court.—Code of 1876, 940, chap. 3.

When a convict is sentenced to hard labor for the county, or to imprisonment in the penitentiary, a reasonable time must, of necessity, be allowed for the execution of the sentence, by his delivery to the proper authority of the county, or to the proper authority of the State, to receive him. The length of time depends, of course, on circumstances attending the particular case. During this time it is the duty of the sheriff to keep him safely, and the county jail is the proper place for his custody. Such period of imprisonment is not punishment for the offense of which he has been convicted, as imprisonment preceding conviction can not be so considered. Either and both are merely requirements of the law; in the one case to secure personal presence to answer a criminal accusation; and in the other the execution of the sentence of conviction.—*People v. Warden*, 66 N. Y. 342. When such reasonable time has passed, and the sheriff has not delivered the convict to the proper authority, the further detention of the convict by him is unauthorized, and imprisonment in the county jail is illegal. Then, though the original imprisonment was lawful, the convict becomes entitled "to his discharge by reason of a subsequent act, omission or event," and the sheriff ceases to be "the person authorized by law to detain him."

The court could not have sentenced the appellant to hard labor for the county, or in the event the Commissioners' Court had not, in obedience to the statute, performed the duty of prescribing the mode of hard labor, then that he should be imprisoned in the county jail. The law would not sanction such an uncertain or alternative sentence; nor a sentence dependent on matter of fact to be ascertained subsequently by an executive officer. As the court could not originally have made the execution of the sentence to hard labor dependent on the fact that the Commissioners' Court had prescribed the manner of hard labor, and rendered the execution practicable, or if the execution was impracticable, because of the omission of the Commissioners' Court, then substituting imprisonment in the county jail, surely, the sheriff is without authority to substitute imprisonment for

[Kirby v. The State.]

hard labor. The sentence of a court must clearly express the punishment the convict of crime is to suffer, and when it is so expressed, the sentence is authority for the infliction of that punishment only, and not for the infliction of another and different punishment. The law does not intend that hard labor for the county shall be accompanied by imprisonment in the county jail, unless to prevent escape, it is so ordered by the court trying him, or by the Commissioners' Court. When so ordered, the imprisonment is not as part of the punishment, but a requirement of the law to secure the performance of the hard labor. It was not ordered in this case, and the imprisonment, much more than a reasonable time having passed for the delivery of the appellant to the proper authority of the county, is illegal, not warranted by the sentence. If the present imprisonment is legal, it may well be asked, when will it become illegal—when will it terminate? The sentence does not express any period of imprisonment, and is it to be prolonged indefinitely, awaiting the action of the Commissioners' Court to prescribe the mode of its execution, and to appoint a superintendent, or let the appellant to a hirer, to whom he may be delivered? What will be the term the appellant must serve—that prescribed by the sentence, or will it be diminished by the time of his imprisonment? Who has the authority to make the diminution?

The imprisonment is illegal—not warranted by the sentence of the Circuit Court, the only authority for it, which is shown, and the appellant is entitled to a discharge. The result is the consequence of the neglect of the Commissioners' Court to perform the duty the statute has expressly charged upon it. The *habeas corpus act* contemplates that such omissions may occur, and require the discharge of a person becoming entitled to it, "by reason of some subsequent act, omission, or event," when the imprisonment may have been originally lawful.—Code of 1876, § 4962.

The judgment must be reversed, and a judgment here entered discharging the appellant from further imprisonment.