Reversed and remanded.

# *Ex parte* King.

### *Application for discharge from custody on Habeas Corpus.*

1. *Discharge of convict from custody, on account of undue delay in execution of sentence to hard labor* —When a convict, having been sentenced to hard labor for the county, is detained in custody by the sheriff for an unreasonable time afterwards, not having entered a motion for a new trial, nor any other proceeding involving delay, he is entitled to be discharged from custody, notwithstanding the continued session of the court; but this court can not judicially know, in the absence of any showing as to the particular facts of the case, that a detention for six days is unreasonable.

Application by petition by Philip King, for a writ of *habeas corpus* to procure his discharge from the custody of the jailer of Montgomery, under a sentence to hard labor for the county, on account of undue delay in the execution of the sentence. It appears from the petition, with the accompanying exhibits, that the petitioner was prosecuted in the County Court of Montgomery for "trespass to realty," was duly convicted, and sentenced to hard labor for the county for thirty days, and to an additional term of one hundred days on non-payment of the costs; that this judgment was rendered on the 12th July, 1887; that on the evening of July 18th, he made application to Hon. THOS M. ARRINGTON, the judge of the City Court of Montgomery, for a discharge from custody on *habeas corpus*, on account of the non-execution of the sentence; that, on hearing the evidence, the said judge refused to discharge him; that the petitioner duly excepted to this ruling, and now makes it an exhibit to this application to this court. The bill of ex-

ceptions further states that, on the hearing, " it appeared
that the County Court, at which said judgment was ren-
dered, was still in session, being adjourned from day to day,
and would adjourn *sine die* on the Saturday preceding the
second Monday in August, at which time the next term of
the court would begin."

A. P. AGEE, for the petitioner, cited *Kirby v. State*, 62 Ala.
51 ; *Ex parte Crews*, 78 Ala. 457 ; *People v. Warden*, 66 New
York, 453.

CLOPTON, J.—It is settled, that when a convict is sen-
tenced to hard labor for the county, and a reasonable time
for the execution of the sentence has passed, his further de-
tention and imprisonment in the county jail is unauthorized
and illegal ; and though his imprisonment was at first law-
ful, being necessary to secure his presence for the execution
of the sentence, he becomes entitled " to his discharge by
reason of a subsequent act, omission, or event." But, in
all cases, a reasonable time must necessarily be allowed for
his delivery to the proper authority of the county to receive
him. In the meantime, it is the duty of the sheriff to keep
him safely in his custody. What is a reasonable time, de-
pends on the circumstances of each case.—*Kirby v. State*,
62 Ala. 51. The petitioner was convicted and sentenced to
hard labor for the county, July 12, 1887; and *six* days
thereafter he applied to the judge of the City Court of
Montgomery to be discharged, on the ground that the sheriff
detains him in custody. There are cases, in which it is
patent that an unreasonable time has elapsed without exe-
cution of the sentence to hard labor, during which the con-
vict is imprisoned by the sheriff, where confinement in the
county jail ceases to be security for his presence, and be-
comes an illegal punishment. But we do not judicially
know, and no circumstances are disclosed showing, that in
this case a period of six days is an unreasonable time.

We do not mean to intimate, that the mere continuance
of the term of the court would excuse a postponement of
the execution of the sentence, unless by a motion for a new
trial, or other appropriate proceeding, the defendant renders
its suspension proper. It would often be a great hardship,
as in this case, to delay the execution of the sentence until
after the adjournment of the term of the court, which, as
appears from the record, will continue until about the mid-
dle of August. The sheriff should deliver the convict to
the proper authority of the county, after sentence has been
passed, as soon as he can reasonably do so, consistently

[Gandy v. The State ]

with the discharge of his duties, consequent to his attendance upon the court.

*Habeas corpus* denied.