# *Ex parte* **Rand.**

*Application for Discharge from Custody on Habeas Corpus.*

1.  *Delay in execution of sentence.*—A defendant in a criminal case convicted of a misdemeanor and sentenced to perform hard labor for the county, is entitled to be discharged from custody on *habeas corpus*, if there is unreasonable delay in the execution of the sentence; and in this case, his detention in jail for twenty-two days after sentence, without sufficient excuse or explanation, is held unreasonable delay.

Application by petition in the name of Jim Rand, for the writ of *habeas corpus* to procure his discharge from the custody of the sheriff and jailor of Lauderdale county, who held him under a judgment and sentence rendered by a justice of the peace of said county. The application was first made to the Hon. W. B. McCLURE, probate judge of the county, who refused to discharge the petitioner; and a bill of exceptions being reserved to his ruling, the application is renewed to this court.

JOHN T. ASHCRAFT, for the petitioner, cited *Ex parte King*, 82 Ala. 59; *Ex parte Crews*, 78 Ala. 457; *Kirby v. State*, 62 Ala. 51.

WM. L. MARTIN, Attorney General, *contra*.

COLEMAN, J.—On the 8th of December, 1892, Jim Rand was tried and convicted upon a charge of assault and battery, and sentenced to perform hard labor for the county. Being detained in jail by the sheriff, on the 30th of December, 1892, he sued out a writ of *habeas corpus*, alleging among other things that he was wrongfully and illegally detained in the county jail by the sheriff. The facts are undisputed, and there are no circumstances or reasons given why the petitioner has been thus detained in jail for so long a time after his conviction and sentence. Under the following authorities, it was the duty of the probate judge to grant the writ, and upon hearing to have discharged the prisoner.—*Ex parte Crews*, 78 Ala. 457; *Kirby v. State*, 62 Ala. 51; *Ex parte King*, 82 Ala. 59.

There are other irregularities in the proceedings, but it is unnecessary to notice them.

The writ of *habeas corpus* will be awarded, unless the petitioner is content to renew his application before a court or judge of primary jurisdiction.