# Ex parte Stewart.

### Application for Habeas Corpus.

1. *Habeas corpus; wrongful detention by sheriff*—Where a person is convicted and sentenced to hard labor for the county, and the county has a contract with a company to receive from the sheriff of the county, and put to hard labor all such convicts, such convict is entitled to be discharged from custody when said company repudiates its contract, or refuses for an unreasonable time to receive such prisoner from the sheriff, who detains her in confinement in the county jail, where convicted, for an indefinite time.

2. *Same.*—The sheriff is charged by law with the custody of prisoners. He has no right to continue the confinement of a prisoner in the county jail for an unreasonable time under claim that he is acting as agent for the hirer of such convict; nor, has the hirer any authority to keep the convict confined in the county jail.

Petition by Malisa Stewart for the writ of *habeas corpus*, to procure her discharge from the custody of the sheriff of Marengo county. Application was first made to the Hon. Samuel G. Wolf, Judge of Probate of said county, who, after

hearing, refused to discharge the petitioner; and, the application is renewed here. The opinion states the facts.

EUGENE McCAA, for the petitioner.

WM. L. MARTIN, Attorney-General, for the State.

HEAD, J.—Petitioner was convicted of forgery at the spring term, 1893, of the Circuit Court of Marengo county, and sentenced to perform hard labor for the county for a period of two years, and an additional term to cover costs, as provided by the statute. This sentence was on March 24th, 1893. Under the hard labor system adopted by the Court of County Commissioners, according to law, the Sloss Iron and Steel Company, a mining and manufacturing corporation of Jefferson county, Alabama, had hired, and were obliged by their contract with the county, to receive from the sheriff, on conviction and sentence, and put to hard labor, all persons convicted and sentenced to hard labor for the county, during the term covered by the contract, "except those who are physically incapable of performing hard labor." This contract was in force when petitioner was convicted and sentenced, and is still. By law, it is made the duty of the Commissioners Court to provide for the disposition of convicts sentenced to hard labor. It does not appear from this record that they have made any provision for persons who are physically incapable of performing hard labor. On March 25th, 1893, the Governor, by an order to the sheriff, suspended the delivery of convicts to said Sloss Iron and Steel Company until an epidemic at their mines could be investigated. Afterwards, (but when does not appear, as the sheriff contents himself with leaving the date blank in his return) this order of the Governor was revoked, and the sheriff ordered to deliver the convicts; and thereupon all were delivered, except petitioner whom the company refused to receive, when offered to it, because, "she had an infant at the breast," and that "they had hired no babies." Neither the sheriff, the Commissioners Court, nor any one else, so far as the record shows, took any steps to compel the Sloss Company to receive petitioner, nor is it made to appear that when the application for the writ of *habeas corpus* was exhibited they had any purpose to do so and that further time was necessary to effectuate that purpose. Nor, as we have said, had any steps been taken, or purpose to do so made known, as to the disposition of convicts who were physically incapable of performing hard labor; but the

sheriff retained the petitioner in his custody, confining her in the county jail, under these indeterminate circumstances which did not and could not point to, or anticipate, the end of such confinement, short of the entire term of hard labor which had been imposed. In this condition of things, petitioner asked the probate judge to be discharged by the writ of *habeas corpus.* He tried the case on the merits and refused the prayer, remanding the petitioner to the custody of the sheriff; and she now renews the application to this court.

The probate judge seems to have acted upon a statement deposed to by the sheriff that he was authorized to receive convicts for the Sloss Iron & Steel Company; and to have reached the conclusion that his, the sheriff's, custody of petitioner should be referred to that agency. This position is not sound. The sheriff was by law charged with the custody of petitioner, and it was his duty to hold her after sentence, until the hirer had reasonable opportunity to take her away and put her to the performance of hard labor according to law and the sentence. He had no right to continue her custody and confinement in the county jail for an unreasonable or indefinite time, and say he was holding her as agent of the hirer, and not as sheriff. Moreover, the Sloss Iron and Steel Co. had absolutely repudiated all authority or control over the convict by refusing to receive her, on the ground that she was not included in its contract. How then can it be said that it had custody of her, by its agent, the sheriff? But, if this were not true, and if he were holding her as agent of the hirer, the detention was equally wrongful. The hirer had no authority to keep the convict confined in the county jail. It could not substitute therefor another and different punishment,. to-wit, imprisonment in the county jail.—*Kirby v. State*, 62 Ala. 51; *Ex parte Crews*, 78 Ala. 457. There is no doubt, under the facts shown by this record, that petitioner is entitled to her discharge, and the writ of *habeas corpus* will issue as prayed, unless, upon being certified of this opinion, she shall be content to renew her application before a judge of original jurisdiction.

*Habeas corpus* granted.