## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

February 21, 1917.

# THE PEOPLE ex rel. CHARLES R. UEBELMESSER v. JAMES M. CARTER and Others.

(176 App. Div. 804.)

AUTHORITY OF PAROLE BOARD TO COUNT TIME SERVED BY PRISONER IN CITY PRISON, WHERE HE WAS TAKEN ON A CERTIFICATE OF REASONABLE DOUBT, AS PART OF STATE PRISON SENTENCE—EXECUTIVE CLEMENCY.

Where a prisoner, after being confined in a State prison, was taken to a city prison on a certificate of reasonable doubt, was released on bail, and subsequently surrendered himself to the city authorities and was returned to the city prison, where he remained until returned to the State prison, the Parole Board may not count the time served in the city prison as a part of the sentence to State prison.

*It seems*, however, that such detention in a city prison may be ground for appeal to the executive clemency so that the time may be taken into consideration as if it had been passed in the State prison.

APPEAL by the defendants, James M. Carter and others, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 9th day of October, 1916, directing the issuance of a peremptory writ of mandamus commanding the defendants to reconsider the application of the relator for a parole and to count as part of his minimum sentence of two years the time when he was actually confined in the Tombs prison after he had voluntarily surrendered himself and requested to be returned to the State prison.

The relator, upon conviction of a felony by the Court of General Sessions of the Peace of the City and County of New

York, was sentenced on May 15, 1914, to confinement in a State prison at hard labor for a term of not less than two years nor more than four years. He was received at the Sing Sing prison on June 5, 1914, and thereafter was transferred on account of ill-health to the Clinton prison. In October or November, 1914, he was taken to the Tombs in New York City in consequence of a certificate of reasonable doubt, where he remained until February 5, 1915, when he was released on bail. On May 19, 1915, he surrendered himself to the city authorities and was returned to the Tombs, where he remained until August 14, 1915, when he was taken to the State prison. The reports show that his conviction was affirmed by the Appellate Division in the First Department on June 18, 1915, and that an order had been made in April, 1915, for a dismissal of the appeal in default of compliance with certain terms. (People v. Uebelmesser, 168 App. Div. 158, 905.)

*Edwin G. Griffin, Deputy Attorney-General (Egburt E. Woodbury, Attorney-General,* with him on the brief), for the appellants.

*Fred Frincis Weiss (Albert H. T. Banzhaf* with him on the brief), for the respondent.

JENKS, P. J.:

The sole question is whether the Parole Board must count the 87 days that intervened May 19, 1915, and August 14, 1915, as part of the term of relator's sentence. The period could not be considered by the Parole Board as part of the term of the convict's sentence because he was not during that period incarcerated in the State prison, the place prescribed by the sentence. Section 232 of article 9 of the Prison Law (Consol. Laws, chap. 43; Laws of 1909, chap. 47), relating to commutations, prescribes: ". For the purpose of this article the term of imprisonment of each convict shall begin on the date of his or

her actual incarceration in a State prison or penitentiary." "Expiration of time without imprisonment is in no sense an execution of sentence." (Dolan's Case, 101 Mass. 219, 223.) The detention of the relator in the Tombs, even against his will, so that he could not serve that period as of a term prescribed by law, was not an imprisonment prescribed by law. Such detention was an incident, and the principle that applies is no different than if the convict, during that period, had been at large unlawfully. Nor is the case now presented affected by the fact that the convict had begun his term of sentence in the State prison, and the 87 days were subsequent to that time. For section 531 of the Code of Criminal Procedure provides: "If, before the granting of the certificate, the execution of the judgment have commenced, the further execution thereof is suspended, and the defendant must be restored by the officer in whose custody he is, to his original custody."

An unreasonable detention of the convict in the Tombs might well be determined in a proper proceeding as unlawful or illegal. (See Matter of King, 82 Ala. 59; O'Neil v. State, 134 id. 189.) But it is not germane to this appeal to consider what remedies were open to the relator, whether mandamus, habeas corpus or a motion to punish the officer who detained him in the Tombs as for a contempt, or whether the relator would have remedy upon the case against his oppressor. Although the detention cannot be considered by the Parole Board, it might well be ground for appeal to the executive clemency so that the time thereof could be taken into consideration as if it had been passed in the State prison.

The order is reversed, without costs, and the motion is denied, without costs.

THOMAS, MILLS, RICH and PUTNAM, JJ., concurred.

Order reversed, without costs, and motion denied, without costs.