(75 South. 710)

Ex parte KING. (8 Div. 515.)

(Court of Appeals of Alabama. May 29, 1917.)

CRIMINAL LAW ⬤⇒1210 — CONTINUOUS SEN-
TENCES—RIGHTS AFTER DISCHARGE.

Under Code 1907, § 6519, providing that, when a convict is sentenced to imprisonment in the penitentiary on two convictions, the imprisonment on the second must commence at the expiration of the imprisonment on the first, and section 6603, providing that laws or rules relative to state convicts shall apply to county convicts, except as otherwise provided, and section 6602, making it the duty of any person having possession or control of a convict to deliver him to the proper sheriff or officer, when he has been charged with the commission of another offense, where a person was convicted of two offenses and continuous sentences passed upon him, one for imprisonment in the penitentiary and the other for imprisonment in jail, and where, after serving the term in the penitentiary, he was discharged, he could not be lawfully arrested and compelled to serve the jail sentence, several months after expiration of the period covered by it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3298–3301, 3315.]

Appeal from Probate Court, Colbert County; T. W. Williams, Judge.

Petition for habeas corpus by Fred King. From a judgment denying the writ, petitioner appeals. Reversed and rendered.

Jackson & Deloney, of Tuscumbia, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for appellee.

BRICKEN, J. On the 30th day of October, 1915, Fred King was tried and convicted in the circuit court of Colbert county upon a

charge of grand larceny, and was duly sentenced to imprisonment in the penitentiary for a term of 13 months. In the same court and on the same day the defendant was also tried and convicted upon a charge of petit larceny, and upon his failure to pay the fine and cost in said case was duly sentenced to hard labor for the county for a term of 10 days to pay the fine and an additional term of 49 days to pay the cost at the rate of 75 cents per day, the judgment of the court providing that the sentence in this case should begin upon the expiration of the former sentence in the grand larceny case. He was delivered to the pentitentiary authorities and served the full term of sentence of 13 months, the punishment imposed in the grand larceny case. After the expiration of his term of penal servitude in this case, he was returned to the county seat, in which he was sentenced to imprisonment, and was there set at liberty on the 24th day of September, 1916. The undisputed evidence being that the penitentiary warden who had him in custody informed him that his time was up and released him, and told him that he could go to his home, which was in Sheffield, near by. He remained at and about his home for 3 months or more, and was finally arrested by the sheriff without warrant or other process on January 2, 1917, and placed in jail by said sheriff of Colbert county, where he is now held. The sheriff testified that he arrested him because he had not worked out the sentence in the petit larceny case. On January 3, 1917, the defendant sued out a writ of habeas corpus, before the probate judge of Colbert county, alleging substantially the facts as hereinabove stated, and also that he was wrongfully and illegally detained in the county jail by the sheriff. The judge of probate denied the writ, and from said judgment, petitioner appeals.

Section 6519 of the Code of 1907, provides that:

"When a convict is sentenced to imprisonment in the penitentiary on two or more convictions, the imprisonment on the second, and on each subsequent conviction, must commence at the expiration of the imprisonment on the preceding conviction."

Section 6603 of the Code of 1907, provides that:

"All laws of the state and rules of the board of inspectors in regard to state convicts shall apply also to county convicts as far as is applicable, except as otherwise provided by law."

Section 6602, Code 1907, provides:

"It shall be the duty of any person who has in his possession or under his control, any state or county convict, to discharge such convict at the expiration of his term of penal servitude. * * * But if such convict be charged with the commission of any other criminal offense he must be delivered to the proper sheriff or officer to answer such charge," etc.

These sections of the Code, relating as they do to the same subject, should be construed in reference to each other, and thus it can be seen that the officers having custody of this convict manifested a gross carelessness and ignorance in the discharge of their duties under these statutes, and that by virtue of such carelessness or ignorance, the second judgment of conviction against the petitioner cannot be put into operation. The convict, having been discharged and given his liberty by the officers having him in custody, cannot be called upon after the expiration of several months, and after the expiration of the period covered by his sentence, to enter again into penal servitude, and therefore the action of the sheriff in arresting petitioner is without authority of law and is void. Under the following authorities it was the duty of the probate judge to grant the writ, and upon hearing to have discharged the prisoner. Ex parte Rand, 99 Ala. 302, 14 South. 540; Ex parte Stearnes, 104 Ala. 93, 16 South. 122; Ex parte Goucher, 103 Ala. 305, 15 South. 601; Ex parte King, 82 Ala. 59, '2 South. 763; Ex parte Crews, 78 Ala. 457; Ex parte Knight, 61 Ala. 482. The two sentences passed upon the defendant were continuous, but the second sentence was rendered nugatory through no fault of the petitioner, and not having been put into effect and operation as required by law, the petitioner was entitled to his discharge from custody. Authorities, supra.

It being admitted that the facts stated in the petition were true, the prisoner was entitled to his discharge. The writ of habeas corpus will be accorded by this court, and the discharge of the petitioner ordered.

Reversed and rendered.