### BLACKWELL v. STATE. (6 Div. 372.)

(Court of Appeals of Alabama. Jan. 22, 1924.)

Criminal law 1216(6)—Rearrest, after discharge at expiration of term, to satisfy fine and costs, held illegal.

Where one convicted of manslaughter and sentenced to imprisonment for 12 months, and to a fine of $200, with provision that he should serve 70 days at hard labor after the 12-month period in case of default in payment of the $200, and that he should serve 256 days to pay costs, was released at the end of the 12 months upon the payment of $234.15, under the impression that he was entitled to discharge, his subsequent rearrest more than 2 months later, after the expiration of his sentence, was illegal.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Habeas corpus proceeding by Oliver Blackwell. From a judgment, denying the writ, petitioner appeals. Reversed and rendered.

J. B. Powell, of Jasper, for appellant.

After termination of his sentence, petitioner could not be further held in custody. Scottsboro v. Johnston, 121 Ala. 397, 25 South. 809.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

There was a voluntary escape by petitioner. 21 C. J. 827; Nall v. State, 34 Ala. 262.

BRICKEN, P. J. The petitioner, Oliver Blackwell, was convicted for the offense of manslaughter in the second degree, in the circuit court of Walker county. Judgment of conviction was pronounced against him on November 30, 1920, and by such judgment he was duly sentenced to confinement in the county jail for 12 months. In addition to the term of imprisonment in the county jail he was sentenced to hard labor for the county for 70 days, in default of payment of the fine of $200 assessed by the jury; the judgment providing that the sentence to hard labor for the fine should begin at the expiration of the jail sentence of 12 months. He was also sentenced to hard labor for the county for 256 days to pay the costs. From the judgment of conviction he appealed to this court, and the appeal was here dismissed on January 10, 1922. On the 10th day of March 1922, the defendant was placed in the county jail of Walker county and began serving his 12 months' sentence on that date. He served such jail sentence continuously until March 9, 1923, on which date the jail sentence imposed by the court terminated. On that date the petitioner paid in cash to the clerk of the court the sum of $234.15, and upon payment of this amount he was discharged from the jail and was released from the custody of the sheriff; it appearing that the petitioner, the sheriff, and the clerk were all of the impression that by serving the full jail sentence of 12 months and by the payment of the above sum of $234.15 he was entitled to his release from further custody, and, as stated, he was discharged. Several weeks after the petitioner had been thus discharged from custody the clerk of the court issued an alias writ of arrest on the original indictment, as follows:

"Writ of Arrest—Alias.

"The State of Alabama, Walker County.— No. 4882. Circuit Court.

"To Any Sheriff of the State of Alabama:

"An indictment having been found against Oliver Blackwell at the second term, 1918, of the circuit court of Walker county, for the offense of murder in the second degree, you are, therefore commanded forthwith to arrest the said defendant and commit him to jail unless he give bail to answer such indictment, and make return of this writ according to law.

"Witness my hand this 13th day of April, 1923.    Mae Amiss, Clerk."

This alias writ of arrest was executed by the sheriff on May 11, 1923, by arresting the petitioner and placing him in jail on that day, where he is still confined, so far as this record shows; all costs of the proceedings having been paid in cash by defendant to the clerk of the court, as he had a right to do under the terms of section 7635 of the Code of 1907, the date upon which his entire term of imprisonment in the jail and hard labor for the county expired by operation of law and the judgment pronounced, on May 18, 1923.

On May 19, 1923, the prisoner filed his petition for writ of habeas corpus addressed

"To the Honorable Judges of the Circuit Court of Walker County, Alabama," in which he sets up that he is imprisoned in the county jail of Walker county, Ala., by Guy V. O'Rear, as sheriff of said county; that petitioner does not know the charge against him, but is informed and upon such information alleges that he is not imprisoned or held by virtue of any process, judgment, decree, or execution of any court of the courts of this state or of the United States; that his imprisonment is without legal process and is without authority of law; and that he is wrongfully imprisoned in said jail by the said Guy V. O'Rear, as sheriff of said county.

The matter was heard before Hon. Ernest Lacy, one of the judges of the Walker circuit court on the 7th day of June, 1923; the petition was denied and the prisoner remanded to the custody of the sheriff, who was ordered to deliver said petitioner to the Pratt Consolidated Coal Company, which company had entered into a contract with the proper authorities of Walker county, for the hire of the county convicts. From this order and judgment of the court, this appeal is taken.

The facts above stated are without dispute. At the time of the filing of the petition for writ of habeas corpus the time of the sentence against petitioner had expired, and any further restraint of the prisoner of his liberty after the expiration of the term of his sentence was illegal. Scottsboro v. Johnston, 121 Ala. 397, 25 South. 809. No misconduct upon the part of petitioner to prevent the execution of the 70-day sentence at hard labor for the county is shown, or alleged. He was not an escape, and therefore the laws as to the rearrest of an escape has no application in this case.

The case of Ex parte King, 16 Ala. App. 118, 75 South. 710, is in point here. In that case the court said:

"The convict, having been discharged and given his liberty by the officers having him in custody, cannot be called upon after the expiration of several months, and after the expiration of the period covered by his sentence, to enter again into penal servitude, and therefore the action of the sheriff in arresting petitioner is without authority of law and is void."

In Scottsboro v. Johnston, supra, the Supreme Court said:

"At the time of this arrest of the defendant, * * * the time of the sentence had expired, and any further restraint of the defendant in his liberty after the expiration of the term of his sentence would have been illegal."

See, also Ex parte Stewart, 98 Ala. 66, 13 South. 660; Ex parte Goucher, 103 Ala. 305, 15 South. 601; Daley v. Decatur, 18 Ala. App. 141, 90 South. 69.

The facts hereinabove stated were without dispute. The prisoner was entitled to his discharge. The writ of habeas corpus will be awarded by this court, and the discharge of petitioner is ordered.

Reversed and rendered.