147 So. 203

## BOWLES v. STATE.
### 8 Div. 693.

Court of Appeals of Alabama.
March 21, 1933.

F. E. Throckmorton, of Tuscumbia, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

The appeal in this case is from a judgment of conviction in the circuit court of Colbert county, Ala., rendered on July 13, 1932.

The original prosecution was by affidavit and warrant issued by N. P. Tompkins, judge of the county court, on December 23, 1929; the warrant being returnable to said county court, which court had jurisdiction to try and determine this case, the charge being a violation of the prohibition laws of the state by having prohibited liquors in his possession.

It appears from the record that this appellant was tried and convicted, as charged, in the county court, and that the defendant took an appeal to the circuit court.

In the circuit court the solicitor filed a complaint which charged the same offense, and in answer thereto the defendant filed two special pleas, the exact purport of which is difficult to understand. Demurrers to these pleas were interposed by the state and were sustained, whereupon the defendant pleaded not guilty. He was tried by the court, without a jury; was convicted, as the evidence without conflict tended to show that the accused was guilty as charged.

So far as we can ascertain from the record, it fails to bear out the insistence that the defendant's appeal from the county court to the circuit court "had been dismissed," at any time. Certainly, no order to this effect appears anywhere in the record. If, as we apprehend, the insistence of appellant's counsel to the effect that the delay in docketing this case in the circuit court operated as a dismissal of the appeal, or a discontinuance of the proceedings, there is no merit in the insistence; for a mere failure of the clerk to docket a cause does not work a discontinuance. Miller v. State, 110 Ala. 69, 20 So. 392; Smith v. State, 149 Ala. 53, 56, 43 So. 129. See, also, Robinson v. State, 21 Ala. App. 169, 106 So. 204.

The case of Ex parte King, 16 Ala. App. 118, 75 So. 710, cited as authority, is not in point in the case at bar. In the King Case, the defendant was actually in custody as a convict, and was improperly, erroneously, and illegally given his freedom without volition upon his part, while here, the accused availed himself of the statutory right to appeal his case to the circuit court, thus suspending the execution of the judgment of conviction against him in the county court. Nowhere in the record or brief of counsel is it contended that this appellant has heretofore served the hard labor sentence imposed by the court, nor any other punishment in this case. That this prosecution in the circuit court was upon appeal taken by the defendant from his conviction in the county court appears to be without dispute.

We are of the opinion that no error appears calculated to impair the substantial rights of the defendant in this case. It is therefore the opinion of this court that the judgment of the circuit court, from which this appeal was taken, should be affirmed. It is so ordered.

Affirmed.