### STARR et al. v. SILVERMAN.

(Supreme Court, Appellate Term. January 23, 1899.)

1. RIGHT OF APPEAL.
    The right to appeal to the supreme court from a determination of the municipal court of New York City is purely statutory.

2. APPEALABLE ORDERS.
    A "decision" of a justice of the municipal court of New York City, denying defendant's motion to dismiss plaintiffs' complaint, and for a direction of a verdict in favor of defendant, and for a judgment for defendant on his counterclaim, and for a direction of a verdict for defendant on his counterclaim, is not appealable.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Robert Starr and others against Harris Silverman. From a decision of the justice of the municipal court of New York City for plaintiffs, defendant appeals. Appeal dismissed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

George H. Epstein, for appellant.
Jacob Reiger, for respondents.

PER CURIAM. The irregularity of this appeal becomes apparent from the defective wording of the appellant's notice, which, quoted literally, states that it is—

"From the decision of George F. Roesch, Esq., justice of the municipal court of the city of New York, borough of Manhattan, Fourth district, denying defendant's motion made herein on the 28th day of April, 1898, to dismiss plaintiffs' complaint herein; for a direction of a verdict herein in favor of the defendant; and for a judgment for defendant on his counterclaim herein; and for a direction of a verdict for the defendant on his said counterclaim; to go to the jury on his defense herein."

The right of appeal to this court from a determination of the municipal court of the city of New York is a purely statutory one, Schwartz v. Schendel, 23 Misc. Rep. 476, 51 N. Y. Supp. 415. And, as expressly declared in Adolph v. Klein, 23 Misc. Rep. 701, 52 N. Y. Supp. 32, such appeals are limited to judgments, and to such orders as are, in terms, made appealable under some specific provision of the statute. No reference has been made by appellant to any statutory provision, nor have we, after industrious effort, been able to discover any, from which

even the remotest semblance of authority could be spelled out in support of an appeal so unique as the one here sought to be urged. Hence this court is without jurisdiction in the premises, and powerless to entertain the appeal.

The appeal must therefore be dismissed, with costs.

