(26 Misc. Rep. 6.)

### GANSEVOORT BANK v. ALTSHUL.

(Supreme Court, Appellate Term.   January 25, 1899.)

1. NOTES—INDORSEMENT—ASSUMPTION—EVIDENCE.
   In an action on notes secured by chattel mortgage, it appeared from the evidence of plaintiff, who had discounted them, that, in the agreement for the sale of the mortgaged property by the maker of the notes to defendant, it was provided that the latter should assume their payment; that while they were in plaintiff's possession, and before maturity, defendant had indorsed them, stating that he had purchased the property, and would pay the notes; and that defendant stated in a letter to plaintiff that, since he had bought the property and had "taken up the notes," he desired notices of maturity to be sent to him.   Defendant testified that the indorsement was made only for the purpose of obtaining notice of maturity.   *Held*, that a finding that defendant had agreed to pay the notes was justified.

2. SAME—CONSIDERATION.
   An extension of credit given to the payee by plaintiff in reliance on defendant's promise to pay the notes was a sufficient consideration for the promise.

3. SAME.
   It was also a sufficient consideration for the promise that, because of his agreement, defendant obtained the property on which the notes were a charge.

4. APPEAL—REVIEW—HARMLESS ERROR—ATTACHMENT.
   Error of the municipal court of the city of New York in refusing to set aside an attachment is not ground for reversal of a judgment against defendant on the merits.

5. SAME—APPEALABLE ORDERS.
> An order of the municipal court of the city of New York refusing to set aside an attachment is not appealable, since the right to appeal is purely statutory, and no statute provides therefor.

Appeal from municipal court, borough of Manhattan, Third district.
Action by the Gansevoort Bank against Victor I. Altshul. Judgment .was rendered for plaintiff. Defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Emanuel Hertz, for appellant.
Edward Swann, for respondent.

GIEGERICH, J. The notes in suit were made by one Hirshfield to the order of one Zagat, and came into plaintiff's hands indorsed by the latter. Subsequently, and. before maturity, but while the notes were in plaintiff's possession, the defendant indorsed them, and his liability is alleged to have resulted from the circumstances under which the indorsement was made. Originally these notes represented a part of the consideration given by Hirshfield to Zagat upon the purchase by the former of the latter's drug store, the notes being secured by chattel mortgage upon the property sold. The defendant then bought the drug store from Hirshfield, and, according to the plaintiff's case, the agreement under which the sale was made provided that the defendant should assume the payment of the outstanding notes. The plaintiff's evidence was to the effect that defendant indorsed the notes, stating, in substance, that he had purchased the drug store from Hirshfield, and would pay the notes; and this proof is substantiated by the defendant's letter to the plaintiff, stating that, since he had bought the store and had "taken up the notes," he desired the notices of maturity to be sent to him. Upon the facts, we think that the finding of the trial justice in favor of the plaintiff's version of the circumstances is not contrary to the weight of the evidence, since the defendant's evidence, to the effect that his indorsement was made only for the purpose of obtaining notice of the maturity of the notes, for the convenience of Hirshfield, is in conflict with the witness' own writing, and is not wholly probable, in view of the fact that he could have readily obtained the dates of maturity by inspection of the notes, without placing his formal indorsement upon them.

It was alleged in the complaint and proven at the trial that the plaintiff, relying upon the defendant's promise to pay these notes, extended a further period of credit to Zagat upon one of his notes held by it; and the reasonableness of this course having been taken in actual reliance upon the promise is found in the fact that the defendant's responsibility upon the notes in suit, which had been discounted for Zagat, so far lessened Zagat's sole responsibility to the bank that it could afford to give him further credit. Therefore there was consideration for the defendant's agreement to pay the notes, as made directly with the plaintiff. And the action was also maintainable upon the ground that the defendant had obtained property, under his agreement with Hirshfield, upon which these notes were made a charge, and in consideration of his promise to assume payment of the debt, which promise had also been

made by him to the plaintiff.　Bank v. Chalmers, 144 N. Y. 432, 39 N. E. 331.

The complaint stated a good cause of action, and was not assailable by demurrer, or by motion upon the pleadings for dismissal, although it might, perhaps, have been made more definite and certain, upon motion, if defendant had so desired.

A question as to the validity of an attachment issued in the action has been argued, but the refusal to set it aside is not ground for the reversal of the judgment (Rosenthal v. Grouse, 12 Daly, 529, 532, 533; Langhein, Mun. Ct. Prac. [4th Ed.] p. 84); the right to appeal to this court from a determination of the municipal court of the city of New York being purely statutory, and limited to judgments, or to such orders as are in terms made appealable under some specific provision of law (Schwartz v. Schendel, 23 Misc. Rep. 476, 51 N. Y. Supp. 415; Adolph v. Klein, 23 Misc. Rep. 701, 52 N. Y. Supp. 32; Starr v. Silverman [App. Term, Jan., 1899] 55 N. Y. Supp. 611).

For these reasons the judgment should be affirmed, with costs. All concur.