TISDALE v. MOORE et al.

(Supreme Court, Appellate Division, Second Department.　October 6, 1911.)

1. Courts (§ 190*)—Municipal Courts—Right of Appeal.
　　Under the statute authorizing an appeal from a judgment or order of the Municipal Court, an appeal from the "decision" of a justice denying defendants' motion to open a default judgment was unsustainable.
　　[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. Pleading (§ 238*)—Amendment of Complaint—Order.
　　Where a complaint is amended by order of court, the order should direct that the proposed pleading should be served, or should stand as a new pleading in the case; the party being confined to the pleading proposed by his motion papers.
　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 620–625; Dec. Dig. § 238.*]

3. Pleading (§ 336*)—Service—Amendment.
　　Where a complaint is amended by order of court, the rule requiring , a copy of the proposed amendment to be served with the motion papers supplemented by the order that the proposed amended complaint supersede the original constitutes a sufficient service of the amendment.
　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1017–1021; Dec. Dig. § 336.*]

Appeal from Municipal Court, Borough of Queens, First District.

Action by Josiah B. Tisdale against William J. Moore and another. From a decision of the justice of the Municipal Court, defendants appeal. Dismissed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Anthony Darmstadt, for appellants.
Leopold Spitz, for respondent.

WOODWARD, J.　[1] The notice of appeal in this case is:

"That the defendants herein hereby appeal to the Appellate Division of the Supreme Court in and for the Second Judicial Department from the decision of Mr. Justice McLaughlin, dated July 21st, 1910, denying the motion of the defendants to open the default on the judgment entered herein * * * in favor of the plaintiff and against the defendants for the sum of four hundred seventy-nine and 65/100 ($479.65) dollars, and the defendants appeal from each and every part of said decision."

We know of no provision of law which justifies an appeal from a decision of the Municipal or any other court.　An appeal must be from . a judgment or order.　Even the undertaking on appeal recites that:

"Whereas, on the twenty-first day of July, 1910, a decision was made and entered in the above-entitled action denying a motion of the defendants to open the default on the judgment heretofore entered, * * * and the said defendants feeling aggrieved thereby, and having appealed therefrom," etc.

The reasoning of the court in Starr v. Silverman, 25 Misc. Rep. 784, 55 N. Y. Supp. 611, is applicable to the present situation, and justifies a dismissal of the appeal.

Upon the merits we are of the opinion that the defendants have failed to show any substantial reason for opening the default.　The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff appears to have been entirely reasonable in granting extensions of time. The amended complaint, a copy of which must have been served with the moving papers (Stern v. Knapp, 52 N. Y. Super. Ct. 14), was regularly in the hands of the defendants, for the order provided that "said motion be granted and that the proposed amended complaint, filed herein, supersede the complaint already filed in this action," so that the suggestion of the defendants that they have never been served with the complaint in this action is untenable.

[2] The rule is, where the amendment of a complaint is made by order of the court, that the order should direct that the proposed pleading should be served, or should stand as the new pleading in the case, and the party will be confined to the pleading proposed by his motion papers. 1 Rumsey's Practice, 367, and authority there cited.

[3] The rule requiring a copy of the proposed pleadings to be served with the motion papers, supplemented by the order that the proposed amended complaint supersede the original complaint, is certainly sufficient service, and, the defendants not having shown any sufficient reason for granting a motion to open a default, the decision of the court below is proper.

The appeal should be dismissed, with costs. All concur.