THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROSE KLEE, Respondent, *v.* LOUIS KLEE, Appellant.

Fourth Department, June 30, 1922.

**Husband and wife — custody of child given to wife under separation agreement requiring husband to support and maintain child — in habeas corpus proceedings by wife to recover custody of child court cannot direct husband to pay stated amount for maintenance of child.**

In habeas corpus proceedings instituted by a wife to recover the possession of her child from her husband, the court is without power to make an order directing the husband to pay to his wife a stated amount per week for the support, education and maintenance of the child, where it appears that the custody of the child was surrendered to the wife under a separation agreement obligating the husband to pay to the wife a certain amount for the support and maintenance of the child. KRUSE, P. J., dissents, with opinion.

APPEAL by Louis Klee from that part of an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 6th day of March, 1922, as directs that the appellant pay to the relator ten dollars per week for the support, maintenance and education of their child whose custody was awarded to the relator on a hearing after a return to a writ of habeas corpus.

*Waring & Waring* [*William W. Waring* of counsel], for the appellant.

*Kent, Cummings & Means* [*Ralph S. Kent* of counsel], for the respondent.

DAVIS, J.:

The relator is living separate from her husband. They have entered into a separation agreement whereby the husband made certain provisions for the support of his wife and the maintenance and education of their child, Eugene L. Klee, aged nine years, whose custody was given to the mother. The father took the

child from a school which he was attending, and kept him in his own home in improper surroundings. It would seem that he has discontinued making payments under the separation agreement. The wife obtained a writ of habeas corpus to recover the custody of the child. On the hearing she was awarded his custody, and the court in its order directed the father to pay ten dollars per week for the support, education and maintenance of said child. From the latter part of the order the appeal is taken.

The province of the ancient writ of habeas corpus was to free the petitioner from unlawful restraint and imprisonment. It had no purpose to punish the respondent or to afford redress to the petitioner for the restraint. It was a summary remedy open to the person detained.

When as early as 1819 the writ was issued to obtain the custody of a child, it was granted by Chancellor Kent who observed that " the object of the court was to release the infant from all improper restraint, and not to try, in this summary way, the question of guardianship, or to deliver the infant over to the custody of another. That the course and practice of the courts in these cases was only to deliver the party from illegal restraint; and if competent to form and declare an election, then to allow the infant to go where she pleased, and if the infant be too young to form a judgment, then the court is to exercise its judgment for the infant." (*Matter of Wollstonecraft,* 4 Johns. Ch. 80.)

In the Revised Statutes of 1830 (Pt. 2, chap. 8, tit. 2 [2 R. S. 148], § 1 *et seq.*) the writ of habeas corpus was made applicable to the determination of the custody of children where a husband and wife were living in a state of separation without being divorced. The language of the act is not materially different from that found in section 70 of the present Domestic Relations Law, except that it provided only that the *wife,* if an inhabitant of this State, might apply to the Supreme Court for the writ. Evidently the legislators thought that the superior rights of the husband, as then recognized, made it unnecessary for him to seek any aid in obtaining the custody of his children.

The only question in dispute here is whether the court at Special Term had jurisdiction to compel the father, from whose custody the child was taken, to pay a fixed sum per week for the separate maintenance and education of the child.

Neither before nor since the adoption of the statute in any contested case of record has the court assumed jurisdiction as a condition, regulation or restriction in disposing of the custody of children, to provide in the order for their maintenance and support

out of the property of the parent. It may be, as LAZANSKY, J., says in *People ex rel. Prior* v. *Prior* (112 Misc. Rep. 208), that some courts have been accustomed to grant such orders *ex parte*, and they may have been acquiesced in, but it does not follow that the court had jurisdiction. The failure of the courts to exercise such jurisdiction during a period of more than a century is strong evidence that it does not exist.

The purpose of the proceeding has not been materially changed by the statute. Its object is still by prompt and summary methods to free a child from improper restraint and custody, and with the child's welfare in view, to give its custody elsewhere. An extensive inquiry is rarely required. The record in this case well illustrates that fact. So far as it appears no evidence was taken on the hearing. If the Legislature had at any time desired to amplify the remedy and extend the scope of the proceeding into an inquiry regarding the maintenance and education of the child and the ability of the parents to make such provision for an indefinite period, it would have been easy to do so by apt language. Such clear and explicit language has been used by the Legislature providing for the custody of children and their maintenance and education in statutes regulating matrimonial actions. (See Civil Practice Act, §§ 1140, 1155, 1164, 1170.)

The language used in section 70 of the Domestic Relations Law is: "The court, on due consideration, may award the charge and custody of such child to either parent for such time, under such regulations and restrictions, and with such provisions and directions, as the case may require."

I do not understand this language to authorize an inquiry in such summary manner into the financial responsibility of the parent and the making of an order for maintenance and support of the infant taken from his custody. Rather, I understand it to mean, as the language implies, the making of certain regulations and restrictions to keep the child within the jurisdiction of the court, make provision for its attendance at school, and being placed amongst moral influences, and perhaps to regulate the visitation of the child by the other parent under certain conditions. All this would be within the natural scope of the inquiry undertaken. To take up the subject of the ability of the respective parents to contribute to the support of the children would lead far into a wider field, where witnesses other than those having knowledge of the main facts would need to be called and a trial had not contemplated when the party sought the aid of this summary writ. (*People ex rel. Prior* v. *Prior, supra.*)

The record would seem to indicate that the mother had ample

grounds to seek a remedy and obtain provision for the support and maintenance of the child in an action for separation or divorce, if she so desired. If she does not care to bring such action, she is not remediless. The father's duty to support the child remains, even though he is deprived of his custody on account of his own misconduct or wrongdoing. (29 Cyc. 1612.) If he has actually abandoned his wife or child without adequate support, or left them in danger of becoming a burden upon the public, or has neglected to provide for them in accordance with his means, he is a disorderly person who may be arrested and required to give security for their support or be punished. (Code Crim. Proc. §§ 899–903.)

It appears from the record that there is a written agreement between the parties for the support and maintenance of this child. This may be enforced by action. Apart from the agreement, the father is liable for any necessaries for the child which may be recovered by any one who furnishes them, or in an action brought by the wife herself to recover any sums so spent or for an indebtedness so incurred. (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460; *Haskell* v. *Haskell*, 201 App. Div. 414.)

For the reasons stated I think the portion of the order appealed from, requiring the appellant to pay to the respondent ten dollars in each and every week for the support, maintenance and education of the child, Eugene L. Klee, was unauthorized for want of jurisdiction, and should be reversed.

All concur, except KRUSE, P. J., who dissents in an opinion.

KRUSE, P. J. (dissenting):

Eugene L. Klee, a boy nine years old, was brought before the Special Term by his father upon a writ of habeas corpus issued on application of the mother under the provisions of section 70 of the Domestic Relations Law. After a hearing before the court the custody of the child was awarded to the mother, with the direction that the father pay to the mother for the support, maintenance and education of the child the sum of ten dollars each week while in the custody of the mother.

The father raises no question about the custody of the child, but contends that the court was without authority to require him to pay for such support, maintenance and education, and appeals from the part of the order making such directions.

The evidence, if any, taken before the court is not returned, but according to the recital in the order the court inquired into the facts and examined the parties as to their respective contentions, from which it appears that since March, 1921, the father and mother, who are husband and wife, have been living in a state of separation;

that on or about August 27, 1921, they agreed to articles of separation awarding the custody of the child to the mother, the father agreeing to pay sixty dollars a month to the mother for the support of the child while the child was in her custody. The child was placed in school and thereafter taken therefrom by the father, upon a promise to return the child within a week, but he failed to keep his promise and kept the child away from the mother. He admitted before the Special Term that he was living in open adultery with a woman not his wife, and that he had the child with him.

It further appeared that the mother had a suitable place and environment to bring up the child, and that ten dollars a week is a sufficient sum for that purpose, and the father expressed a willingness to furnish such support. Thereupon the Special Term awarded the custody of the child to the mother, with a direction that the father pay such sum weekly to the mother for such support, maintenance and education, as before stated.

Section 70 of the Domestic Relations Law reads as follows: " Habeas corpus for child detained by parent. A husband or wife, being an inhabitant of this State, living in a state of separation, without being divorced, who has a minor child, may apply to the Supreme Court for a writ of habeas corpus to have such minor child brought before such court; and on the return thereof, the court, on due consideration, may award the charge and custody of such child to either parent for such time, under such regulations and restrictions, and with such provisions and directions, as the case may require, and may at any time thereafter vacate or modify such order."

I am of opinion that this section is broad enough to authorize the direction requiring the father to support the child. No authoritative decision has been called to our attention, nor have I been able to find any, which passes upon this precise question, but I think that the provisions of the statute which authorize the court to award the custody of a child to either parent " under such regulations and restrictions, and with such provisions and directions, as the case may require," authorizes the court to provide for the support of a child whose custody is thus disposed of.

The order should be affirmed, with ten dollars costs.

Order so far as appealed from reversed, without costs.