THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTORIA
STRAUSS, Respondent, v. CARL STEINDLER, Appellant.

First Department, March 30, 1928.

Habeas corpus — when writ does not lie — relator and appellant were
divorced in 1917 and two children awarded to appellant — later, older
child was awarded to relator and younger child to appellant — right of
mutual visitation was abandoned in 1918 — relator has not seen younger
child, then three years old, since that date — habeas corpus does not lie
under Civil Practice Act, §§ 1231–1235 and 1254 — remedy of relator is
under Civil Practice Act, § 1170, to have final decree modified — on
merits, relator is not entitled to have decree modified.

The relator cannot regain possession of her younger child through a writ
of habeas corpus, for it appears that the child was awarded to the appellant
by a modified final decree of divorce.

The relator and the appellant were divorced in 1917 and the decree awarded both
children to the appellant. That decree was subsequently modified and the
older child was awarded to the relator and the younger child, then about three
years of age, was awarded to the appellant. Mutual visitation rights were
abandoned in 1918 and thereafter the appellant remarried and the younger
child believes that its stepmother is its own mother for it has not seen its own
mother since 1918. While the ostensible purpose for suing out this writ of
habeas corpus was to obtain custody of the younger child the actual purpose
of the relator was to secure a visitation order.

Under sections 1231–1235 and section 1254 of the Civil Practice Act habeas corpus
will not lie, for the possession of the child cannot be obtained on a writ of
habeas corpus where the child is held under the lawful mandate of a court.
In this case the child is held in the lawful custody of the appellant through
the amended final decree of divorce granted to the appellant.

The sole and exclusive remedy of the relator is to apply under section 1170 of the
Civil Practice Act for an order modifying the amended final decree of divorce.

On the merits it would seem that the right of visitation of the younger child by
the relator should not be revived, especially in view of the fact that the child
no longer knows the relator as its mother.

APPEAL by the defendant from an order of the Supreme Court,
entered in the office of the clerk of the county of New York on
the 28th day of November, 1927.

*Joseph Feldman* of counsel [*Louis Rosenberg*, attorney], for the
appellant.

*Ira J. Palestin*, for the respondent.

McAVOY, J. The order on the writ of habeas corpus now here
was made after a hearing on the writ issued to obtain custody of
an infant daughter of the relator by a former marriage.

The relator and the appellant were married in March, 1912,
and were divorced in May, 1917, in an undefended suit in New

York in which the relator was the defendant. Under the decree, the two children of the marriage were awarded to the father, certain limited custody being given to the mother. The children, Olga and Margaret, were then aged five and two years respectively.

After the entry of the judgment, relator married the corespondent and made application to the Supreme Court to award to her the custody of the elder child, Olga. This relief was at first denied, but was afterwards granted upon consent. The decree of divorce was then amended so as to award the elder child, Olga, to the relator and the younger child, Margaret, to the appellant. Each parent under the order was to have the right to visit weekly the child who was in the custody of the other parent. The father made regular weekly visits to see Olga, but the mother never availed herself of the right to visit Margaret.

About the beginning of 1918 each party, at the suggestion of the mother, it is said, relinquished his or her right to visit the child of which the other had custody. It is stated that the agreement was made then for each to retain the custody of one child without molestation or visitation from the other parent. The husband thereafter married his second wife, with whom he now resides, in December, 1918, about a year and a half after the divorce. Margaret, who was then about three, was brought up to believe that her father's second wife was her own mother, and she has resided in the home of her father and his wife ever since.

In October, 1925, the mother of these children, who was meanwhile divorced by her second husband, and again under New York rules, asked that she be permitted to visit Margaret. She had not seen the child from about 1918, and the father refused her request. She moved to punish him for contempt for refusing to permit her to see Margaret, but this motion was denied upon condition that she be reinstated in her right of visitation, which it was claimed she had renounced. This order with the conditional denial was appealed to this court and here reversed and the motion to punish for contempt denied, without condition of any kind. (*Steindler* v. *Steindler*, 215 App. Div. 811.) Thereafter the relator did nothing until November, 1927, when she sued out this writ of habeas corpus with the ostensible design to obtain custody of Margaret, but her actual purpose, according to her own statement, was to procure an order preserving or reviving her right of visitation.

The court below dismissed the writ and denied relator's petition, but nevertheless granted her the only relief she asks for, that is, visitation to the daughter Margaret once a week, which privilege she abandoned eight and a half years before. Thus the order, in

form, denies the petition for the writ, but in substance grants the relief sought, to wit, the right of visitation, and thus really sustains the writ.

Under section 1232 of the Civil Practice Act, an application for a writ of habeas corpus must be made upon a written petition signed either by the person for whose relief it is intended or by someone in his behalf, and section 1234 states what it must contain. Subdivision 2 of section 1231 states when a person is not entitled to the writ. It states such restriction is imposed where the person has been committed or is detained by virtue of a final judgment or decree of a competent tribunal, or by a final order of such tribunal made in a special proceeding instituted for any cause, except to punish for contempt, or where he has been detained by virtue of an execution or any other process issued upon such a judgment, decree or final order.

Under section 1235 a court or judge is directed to grant the writ whenever a petition therefor is presented, unless· it appears from the petition itself or the documents annexed thereto that the petitioner is prohibited by law from prosecuting the writ. Although the petitioner states formally that the child is not detained by virtue of any judgment or decree, yet, in another paragraph of the petition, she concedes that the child is in the custody of the father pursuant to the amended final decree of divorce. The appellant in his return to the writ sets up the decree, showing that the custody of the child was awarded to him and that he has her in his custody by virtue of the decree. Objection was made to the proceeding on this ground, but the court overruled the objection.

The petition showed that the application was not a new one, because the child's custody had been previously adjudicated by a final decree still in force. The petitioner is thus seeking an abrogation of the decree and a new adjudication vesting the custody in her.

Under section 1254 of the Civil Practice Act, the court is limited in the exercise of its power under the writ as follows: " But a court or judge, upon the return of a writ issued as prescribed in this article, shall not inquire into the legality or justice of any mandate, judgment, decree or final order."

The proper remedy for the modification of such a decree is found in section 1170 of the Civil Practice Act, which is as follows: " The court, by order, upon the application of either party to the action, or any other person or party having the care, custody and control of said child or children pursuant to said final judgment or order, after due notice to the other, to be given in such manner as

the court shall prescribe, at any time after final judgment, may annul, vary or modify such directions, or in case no such direction or directions shall have been made, amend it by inserting such direction or directions as justice requires for the custody, care, education and maintenance of any such child or children  *  *  * in such final judgment or order or orders.  But no such application shall be made by a defendant, or any other person or party having the care, custody and control of said infant or infants, unless leave to make the same shall have been previously granted by the court by order made upon or without notice as the court in its discretion may deem proper after presentation to the court of satisfactory proof that justice requires that such an application should be entertained." (Amd. by Laws of 1925, chap. 240.)

This is an exclusive remedy where there has been a direction in a decree of divorce affecting the custody of children, and a modification of such decree by way of an order or a habeas corpus writ permitting a revival of the right of visitation, which the relator has abandoned, is not authorized.

We think, too, regarding the merits of the matter, that the right of visitation so long abandoned by the mother that the child no longer knows her, ought not now to be revived under the circumstances here disclosed.

The order so far as appealed from should be reversed and the writ dismissed.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Order so far as appealed from reversed and writ dismissed.