THE PEOPLE OF THE STATE OF NEW YORK EX REL. KATHLEEN TERMAN, Appellant, against ANNE TERMAN, Respondent.

First Department, December 21, 1943.

*John A. Anderson* for appellant.

*George J. Malinsky* for respondent.

*Per Curiam.* We deem that the Special Term erred in dismissing the petition for habeas corpus herein on special appearance of the respondent and without taking testimony. There were allegations in the petition showing conditions and occurrences which, if permitted to continue, might seriously affect the health or welfare of the child. Under the procedure adopted here, these allegations must be deemed true.

The legal ground assigned for dismissal was the existence of a judgment in favor of the father of the child and against the petitioner for divorce, which gave custody of the child to the father. Special Term ruled that it was improper to make any disposition as to custody on habeas corpus without first securing an amendment of the judgment. The decision of this court in *People ex rel. Strauss* v. *Steindler* (223 App. Div. 230) was cited as authority for such ruling. But the case cited does not hold that the Supreme Court is powerless to act on habeas corpus until a prior decree is amended, where there is need for immediate action to protect the welfare of the child. The *Strauss* case (*supra*) was decided after a hearing, and on the merits. There was no showing of immediate need to protect the infant in that case. *Backhaut* v. *Backhaut* (234 App. Div. 711) involved a similar situation.

In the present case there are allegations of circumstances requiring immediate consideration concerning the welfare of the child. The father of the child is in the armed services. His present wife, or members of her family, and his former wife are said by the petition to be openly quarrelling in the child's presence over the child's training. If the allegations set forth in the petition concerning these occurrences are true, such acts should be stopped immediately. We do not wish to indicate who is to blame for what is said to be occurring. We have no views on that subject, but we do wish to indicate that it is the duty of the court to correct any situation which may affect the welfare of the child. Such steps may be taken at once without prejudicing the father's rights.

The order should be reversed, and the matter remitted to Special Term for further proceedings in accordance with this opinion.

TOWNLEY, GLENNON, DORE, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, and the matter remitted to Special Term for further proceedings in accordance with opinion.