In the Matter of MARGARET N. SANDFORT, Respondent, against RICHARD L. SANDFORT, Appellant.

First Department, June 5, 1951.

332

*Maxwell Handelsman* for appellant.

*Harold Epstein* of counsel (*Hays, St. John, Abramson & Schulman,* attorneys), for respondent.

VAN VOORHIS, J. On December 16, 1949, an order was entered in a habeas corpus proceeding instituted by a wife against her husband in New York County, which awarded the custody of the infant daughter of the parties to the wife, but commanded her not to remove the daughter from the State of New York. It contained no provision for the support of the child, and was entered by consent. Just previously, the parties had signed a written stipulation which provided that the wife should have sole custody of the child except that the husband might visit and have limited custody upon one afternoon in each week, and also upon Saturday or Sunday of each week, and upon six specified legal holidays during the calendar year 1950. There was no provision for support.

In July, 1950, the wife obtained a divorce decree in the Virgin Islands, which does not purport to decide upon the custody or support of the child.

On November 21, 1950, the husband instituted the present proceeding in the Supreme Court, New York County, to punish the wife for contempt of court, in having taken the child to stay

with its maternal grandparents in Massachusetts for portions of the months of July, August and October, 1950, contrary to the direction of the order of December 16, 1949, also to punish her for alleged refusal to permit compliance with the provisions of the stipulation regarding limited custody and visitation, and to obtain a modification of the stipulation so as to extend the limited custodial rights upon specified holidays beyond the year 1950.

These appeals are from the order denying this application by the husband, from the order of resettlement thereof made at the instance of the wife, and from two orders denying applications by the husband to modify said order, first, on reargument and, second, by resettlement. The order as resettled at the wife's instance, which comprises everything that was decided and is the final expression of Special Term, denied the husband's application to punish her for contempt of court and to alter the stipulation to extend the visitational rights on holidays beyond 1950, but said order modified the stipulation, at the wife's instance, so as to permit her to send the child to a camp within reasonable distance from New York City for the entire summer, or to the home of her maternal grandparents in Massachusetts for the entire summer. It further directed that the husband continue paying the sum of $15 per week for the support of the child (such payments to commence from their discontinuance on July 16, 1950) as a condition to any right of visitation or limited custody as set forth in the stipulation, and otherwise said order confirmed the stipulation and incorporated it as thus modified.

The husband appeals, contending that the Supreme Court is without power to make provision for the support of an infant child in a habeas corpus proceeding, or to condition a parent's right of visitation upon the payment of such support, and particularly that it lacks power to impose payment of an accumulation of weekly payments as such a condition. He also asks that the orders be reversed, so as to grant to him all of the relief which he sought at Special Term. We think that, on the facts stated in the affidavits, the wife was not guilty of contempt of court.

Upon this appeal, it is not necessary to consider whether payment of money for support of an infant child can be directed in a habeas corpus proceeding, nor whether payment of such support can be conditioned upon the allowance of visitational rights under all circumstances. It has been said by this court: " In a habeas corpus proceeding involving custody of a child

of tender years, we see no reason why the Supreme Court may not impose such conditions as to visitation by either parent as the welfare of the infant requires. There are authorities holding that in habeas corpus proceedings the court may not make an order initiating liability for the support of the child. (See *People ex rel. Klee* v. *Klee*, 202 App. Div. 592 [4th Dept.]; *People ex rel. Prior* v. *Prior*, 112 Misc. 208.) But no direction for the payment of any sum for support was made in the present case. The order was limited to making visitation conditional on the payment of support. The father was already obligated to make such payments by his own agreement and by the judgment of the Florida court '' (*Matter of Rich* v. *Kaminsky*, 254 App. Div. 6, 9).

In the present case, the father was paying $15 per week toward the support of the child, but stopped on July 16, 1950, evidently when he learned that his wife had gone to the Virgin Islands to get a divorce and had sent their child to her parents in Massachusetts for the summer. He offers in his brief to resume making current weekly payments in the same amount, subject to conditions. Aside from the broad equitable powers of the Supreme Court regarding minor children within the State (*Finlay* v. *Finlay*, 240 N. Y. 429), which, as has been pointed out, are not limited by the statutes concerning habeas corpus (*People ex rel. Riesner* v. *New York Nursery & Child's Hosp.*, 230 N. Y. 119, cited in *Matter of Rich* v. *Kaminsky*, *supra*), section 70 of the Domestic Relations Law provides for disposition of custody '' under such regulations and restrictions, and with such provisions and directions, as the case may require ''. The statute also states that the court is to be actuated solely by '' what is for the best interest of the child, and what will best promote its welfare and happiness, and make award accordingly.'' It would naturally be supposed that there would be little advantage to a child in being visited by a father, situated as was this appellant, if he cared so little for the child as to be unwilling to pay $15 a week toward its support. This was a reasonable conclusion to be drawn by Special Term, resulting in a reasonable condition in its order. Inasmuch as the father had been paying $15 per week, but stopped on July 16, 1950, for reasons unrelated to the welfare of the child or to his own finances, it was sensible to include in the condition payments commencing from July 16, 1950.

The order as resettled should be modified so as to permit appellant to amortize the accumulated amount by paying $5 per week to apply thereon in addition to the $15 per week pro-

vided for in the condition in the order, and so as to allow reasonable visitational privileges to the father subject to such condition while the child is at summer camp within a reasonable distance of New York City, but not so as to extend such privileges while the child is visiting the maternal grandparents in Massachusetts.

We have regarded the modification of the original order in the habeas corpus proceeding by the resettled order appealed from, as being part of the habeas corpus proceeding. Such modification can be made, under the circumstances of this case, as part of the habeas corpus proceeding or under the general equitable powers of the court, notwithstanding the Virgin Islands divorce decree obtained after this proceeding was commenced (*People ex rel. Terman* v. *Terman,* 267 App. Div. 173; *Matter of Bull* [*Hellman*], 266 App. Div. 290).

As so modified, the resettled order appealed from should be affirmed, without costs and the appeals from the other orders should be dismissed. Settle order.

SHIENTAG, J. (concurring in result). I concur in the result here reached. I believe, however, that the time has come when this court should declare that it will no longer follow cases like *People ex rel. MacAlpine* v. *MacAlpine* (50 N. Y. S. 2d 232, affd. without opinion, 267 App. Div. 952); *People ex rel Klee* v. *Klee* (202 App. Div. 592), and *Matter of Derer* (262 App. Div. 969), but will hold that in an appropriate case the court on a writ of habeas corpus is empowered to make an original award for the support of children as an incident to custody and rights of visitation.

Where procedural rather than substantive rights are involved, we should not allow earlier rulings to stand in the way of affording prompt and effective relief for the benefit of an unsupported child. A Court of Chancery has broad equitable powers over minor children in the State (*Finlay* v. *Finlay,* 240 N. Y. 429; see, also, Domestic Relations Law, § 70). Those powers are not limited by the specific provisions of the Civil Practice Act dealing with custody and support of children nor should it matter whether the relief is sought by formal petition to the Chancery or by way of writ of habeas corpus.

DORE, J. P., COHN and CALLAHAN, JJ., concur with VAN VOORHIS, J.; SHIENTAG, J., concurs in result, in opinion.

Resettled order modified and, as so modified, unanimously affirmed, without costs and the appeals from the other orders dismissed. Settle order on notice. [See *post,* p. 913.]