■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JEROME ARTHUR LOWRY, Appellant.— Appeal (1) from a judgment of conviction rendered by the County Court, Kings County, sentencing appellant, after he had been found guilty by a jury of attempted robbery in the first degree, to serve from 7½ to 15 years, as a second felony offender, and (2) from each and every intermediate order therein made. Judgment unanimously affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MILTON BEHAR, Respondent, against ROBERTA BEHAR, Appellant.— Appeal from an order which (1) in effect overruled appellant's objections to respondent's application to modify an order entered in 1957 in a habeas corpus proceeding relating to custodial and visitation rights of infant children, and (2) granted appellant leave to serve opposing affidavits on the merits after the determination of this appeal. Appellant's objections were based on a claim that the application was jurisdictionally defective in that it sought the relief described without an application for a new writ of habeas corpus. Appeal dismissed, with $10 costs and disbursements. In our opinion, the order under review is an intermediate order made in a habeas corpus proceeding, and as such is not appealable under the provisions of section 1274 of the Civil Practice Act which limits appeals to final orders only made in such proceedings (*People ex rel. Glendening* v. *Glendening*, 259 App. Div. 384, 386-387, affd. 284 N. Y. 598; *People ex rel. Duryee* v. *Duryee*, 188 N. Y. 440, 445). Its decretal part amounts to no more than a decision or ruling made in the course of a trial from which no appeal lies (*Simmonds* v. *Sowers*, 253 App. Div. 819; *Tisdale* v. *Moore*, 146 App. Div. 561; *Hall* v. *Wood*, 5 A D 2d 998; *Storz* v. *Titcomb*, 8 A D 2d 739). In any event, even if the order were appealable, as a matter of substance, it is our view that appellant's position at the Special Term was without foundation in insisting that an application for a new writ was necessary. While an outstanding order, entered in a habeas corpus proceeding, dealing with children, is entitled to some finality and ought not lightly to be relitigated, as to its custodial provisions, when new facts and circumstances are shown, the prior order does not, on principles of *res judicata*, bar the Special Term's power to recognize changing conditions as affecting the welfare of the children and to modify its earlier determination (*People ex rel. Glendening* v. *Glendening*, 259 App. Div. 384, 387, affd. 284 N. Y. 598, *supra*; *People ex rel. Hahn* v. *Haines*, 1 A D 2d 263, 267-268, affd. 1 N Y 2d 835; *Matter of Sandfort* v. *Sandfort*, 278 App. Div. 331, 336; 278 App. Div. 913; *People ex rel. Siskind* v. *Silberglitt*, 5 Misc 2d 983; Civ. Prac. Act, § 1234, subd. 7). Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.