Howard A. Zeller, J.
This habeas corpus proceeding concerns custody of a six-month-old baby. Richard Nourse and Sharon Nourse, the parents of the baby, separated and the *26 respondent Bichard Bourse obtained physical custody of the baby. The petitioner herein is Sharon Bourse’s mother who instituted this proceeding (Sharon being 16 years of age and residing with her mother) to require delivery of the baby to Sharon. After a contested hearing, the writ was sustained and custody of the baby was awarded to Sharon Bourse.
At the conclusion of the hearing the petitioner’s attorney moved for an award of counsel fees to be ordered paid by the respondent. The petitioner’s attorney asserts that “this proceeding was necessary and proper ” for the welfare of the baby and claims that “ counsel fees may be awarded in a habeas corpus proceeding at this time ”, relying upon Ansorge v. Armour (267 N. Y. 492) which he states “ implies that counsel fees could be awarded in a proper case ”.
The Ansorge case was a common-law action brought by the the plaintiff Ansorge, an attorney, to recover compensation from the defendant Armour for legal services rendered in connection with a habeas corpus proceeding instituted by his client against her former husband (the defendant Armour) to obtain custody of their child. The action was tried on the theory that the child’s father was liable to Ansorge for necessaries supplied to the child in the habeas corpus proceeding.* Testimony was introduced concerning the necessity of the habeas corpus proceeding for the welfare of the child, the reasonable value of the legal services rendered and the financial worth of the father. The judgment of the Trial Term of Supreme Court in favor of Ansorge (affd. 243 App. Div. 524) was reversed by the Court of Appeals (supra) and a new trial granted upon the ground that Ansorge had not established upon the trial that the habeas corpus proceeding was a necessity for the welfare of the child for the expense of which the father should pay the lawyer hired by the mother to conduct it.
Perhaps the Ansorge case implies that in a common-law action, upon sufficient proof of necessity, an attorney may obtain a judgment against a father for legal services rendered for the welfare of his infant in a habeas corpus proceeding seeking a determination of custody. Undoubtedly it does not imply that counsel fees may be awarded on motion in a habeas corpus proceeding wherein custody of an infant is decided. There seems to be no statutory provision which permits, nor any judicial precedent which sanctions, such an award. (People ex rel. Sabbeth v. Sabbeth, 2 Misc 2d 593.)
An order denying the motion has been signed.

 The opinion in the habeas corpus proceeding is reported sub room. People ex rel. Armour v. Armour (147 Misc. 313).