Louis B. Heller, J.
The final disposition of the motion herein has been held in abeyance pending the determination by an Official Referee whether or not respondent was personally served with an order dated April 26, 1961, directing her to show cause why she should not be punished for contempt for failure to abide with an order of this court dated August 18, 1960. The Official Referee having determined that the said order to show *901 cause was personally served upon her, the remaining branches of the motion can now be disposed of in toto.
The respondent having defaulted in opposing the aforementioned order to show cause, an order dated June 1, 1961 was entered which held her in contempt. The respondent seeks inter alia to set aside her default and to vacate the order. The latter was based upon respondent’s willful disobedience of the order of this court dated August 18, 1960 in that she failed to accord visitation rights to the petitioner of their child as therein provided.
The record discloses that the parties hereto entered into a separation agreement on March 30, 1960 which provided for support of the respondent and their child, custody of the infant, and visitation rights of the petitioner. On April 7, 1960, the marriage was dissolved by a Mexican decree of divorce, both parties having appeared. The decree incorporated by reference the provisions of the separation agreement, approved the same, and provided that it shall survive the decree and shall not merge therein. No mandatory direction is contained in the decree requiring the husband to pay any support to his wife or child, or requiring the parties to abide with the terms of the agreement. On May 23, 1960, based upon respondent’s failure to allow the petitioner visitation rights, a writ of habeas corpus was issued and as a result thereof, the order of August 18,1960, was entered. The pertinent parts of the order read as follows:
“ And it appearing that the welfare of the said infant will be best promoted by continuing to permit Jeannette Gr. Heller, his mother, to have custody of the infant and by permitting Norman M. Heller, his father, to have rights of visitation as set forth in a separate separation agreement heretofore entered into between them * * * it is further
“ ordered that Norman M. Heller be and he is hereby granted the right to have visitation of the infant on the first and second Sunday of each month (etc.) * * * and it is further
“ordered that all visitations are conditioned upon Norman M. Heller continuing to pay the amount for support which he is directed to pay by the order of any court having jurisdiction thereof.”
In his affidavit submitted in connection with the order to show cause to punish respondent for contempt, the petitioner alleged that on December 17, 1960 and on January 8, 1961, the respondent refused him visitation rights. Respondent now alleges that on December 17, 1960 petitioner was in arrears in support payments for 1 week and on January 8, 1961 was in *902 arrears for an additional 3 weeks; that lie is now in arrears for 15 weeks totaling $375 and by virtue of said arrears, petitioner was not and is not entitled to visitation rights. The petitioner admits the arrears but asserts rights to visitation notwithstanding any default in such payments, since such rights were conditioned by the order of August 18, 1960 only upon his continuance of payment of support “ which he is directed to pay by the order of any court having jurisdiction thereof”; and that no court having jurisdiction ever issued an order directing paying of support.
Where a party seeks to invoke the court’s authority to use the discretionary though harsh remedy of punishment for contempt, there should be no question of the good faith of the one seeking the remedy. Petitioner lacks such good faith. It is evident that the order pursuant to which petitioner sought to punish respondent indicates the design to carry out the terms of the separation agreement with respect to visitation. By the agreement, his right to see his child is dependent upon his covenant to provide agreed sums of money for the infant’s support (Borax v. Borax, 4 N Y 2d 113, 116; Magrill v. Magrill, 16 Misc 2d 896). To insist upon a literal compliance with the order would disregard the evident intent that the petitioner’s rights to visitation are dependent upon his fulfillment of his requirement to support his child. Petitioner, while conveniently overlooking his own obligation, demands that the respondent observe those cast upon her. In any event, since the order is capable of construction consistent v/ith the innocence of the respondent of any intentional disrespect to the court, she should not be held in contempt. Her conduct was not willful, like that of one who obstensibly or out of pure malice and with no reason or excuse refused to permit a father to see his child. She did not act in bad faith.
By reason of the foregoing, and since sufficient facts appear to show that the respondent’s default in opposing the order to show cause was not due to her neglect, the motion to open her default and vacate the order holding her in contempt is granted.
In addition to the relief sought above, the respondent moves to punish petitioner for failure to comply with the order of August 18,1960, to modify the terms of said order, and to award her counsel fees.
The respondent asserts that the petitioner violated the order of August 18, 1960 in failing to make payments for support. The statutory writ of habeas corpus (Domestic Relations Law, § 70) is custodial and does not authorize financial provision as an incident thereto (People ex rel. Klee v. Klee, 202 App. Div. *903 592; Matter of Sandfort v. Sandfort, 278 App. Div. 331). The order makes no direction for support but merely conditions visitation upon payment of support. Accordingly, this branch of the motion is denied.
The motion to modify petitioner’s visitation right is granted to the following extent:
(1) Petitioner’s rights to visitation are conditioned upon his continuing to pay the amount for support as is provided for in the agreement of separation dated March 30, 1960, and by amortizing the accumulated amount in arrears by paying $5 per week in addition to the amount payable weekly under the separation agreement (see Matter of Sandfort v. Sandfort, 278 App. Div. 331, supra).
(2) If petitioner shall not intend to exercise his rights to visitation on any Saturday or Sunday, he shall notify the respondent of such intention on the Friday preceding such Saturday or Sunday between 7:00 and 8:00 p.m.
The branch of the motion for counsel fees is denied. A grant of counsel fees in a habeas corpus proceeding is not permissible (People ex rel. Stavies v. Loughlin, 11 A D 2d 646; People ex rel. Sabbeth v. Sabbeth, 2 Misc 2d 593; Matter of Lee v. Nourse, 24 Misc 2d 25).