In re QUINN.

(Supreme Court, Appellate Division, Second Department. February 18, 1896.)

HABEAS CORPUS—APPEAL FROM FINAL ORDER.

An appeal from a final order discharging a prisoner on habeas corpus cannot be maintained by the officer having him in custody, as he has no interest in the matter, though he is a party to the writ.

Appeal from special term.

Application by John Quinn for a writ of habeas corpus. From an order discharging relator from custody, respondent appealed. Dismissed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Foster L. Backus, for the motion.
George Hoadly, opposed.

CULLEN, J. It seems to be clear that at common law a writ of error did not lie to review a decision on habeas corpus. Hurd, Hab. Corp. 553; opinion of Kent, C. J., in Yates v. People, 6 Johns. 337. Still, very early in the history of this state it was held that a prisoner might bring up for review, by a writ of error, an adverse decision on habeas corpus, despite the English rule to the contrary. Yates v. People, supra. We can find no case prior to the Revised Statutes where a writ of error was allowed on the application of the people. By the Revised Statutes (volume 2, p. 573), the attorney general was authorized to prosecute such a writ in the name of the people. Now, by section 2059, Code Civ. Proc., an appeal from a final order discharging a prisoner committed on a criminal accusation may be taken in the name of the people, either by the attorney general or by the district attorney. We do not say that this section is exclusive in all cases, and that there might not arise a case wherein an appeal could not be prosecuted by the custodian of the discharged prisoner. But, in ordinary criminal cases, we think an appeal should not be maintained in opposition to the prosecuting authorities of the people. The fact that the appellant was a party to the writ, and by the Code is denominated the "defendant," did not give him the right to appeal if he had no interest in the subject-matter. We think he had not. The case, therefore, falls within the principle of People v. Lawrence, 107 N. Y. 607, 15 N. E. 187. It is to be distinguished from that of People v. Jones, 110 N. Y. 509, 18 N. E. 432, where it was held that the land commissioners might appeal from an ad-

verse decision on a writ of certiorari. In that case it was held that the judgment on certiorari prevented the land commissioners from discharging their duties, and that this fact gave them sufficient interest to justify an appeal. This language is probably broad enough in terms to cover the case of the present appellant, but there is a vital distinction between the two cases. In the case cited, the land commissioners were the only authorities upon which the public duty as to the matter in hand rested. But the ultimate duty of the conviction and punishment of criminals does not devolve upon peace officers, jailers, or sheriffs. The conduct of public prosecutions in the administration of criminal justice is vested in prosecuting officers, the district attorney, and the attorney general, and a prosecution should not be maintained in opposition to their action. The appellant would not be embarrassed in a future action for false imprisonment by the decision on a habeas corpus. That decision would not bind him. In fact, it is settled law that with the exception of a narrow class of cases, such as the custody of infants, a decision on habeas corpus does not create an estoppel, even upon renewals of the writ, and never operated as a former adjudication in other litigations. People v. Brady, 56 N. Y. 182.

Motion to dismiss appeal granted.