(86 App. Div. 284.)

### SAFFIER v. HAFT.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. ASSIGNMENT OF CAUSE OF ACTION—EVIDENCE—SUFFICIENCY.

Where plaintiff relied on an assignment of a cause of action in favor of the C. Company, but offered in evidence an assignment executed by S., which recited that S. assigned the cause of action, and the instrument contained no reference to the C. Company, and the only evidence to connect S. with the C. Company was the testimony of a witness who described himself as the manager and testified that S. "was the owner of the C. Company," the evidence failed to establish the assignment.

2. ACTION FOR TORT—COSTS—ORDER SUBJECTING JUDGMENT DEBTOR TO ARREST.

Code Civ. Proc. § 15, provides that a person shall not be arrested for nonpayment of costs awarded otherwise than by a final judgment, etc. Held, that in an action of tort, where the final judgment dismissed the complaint and awarded defendant costs, a statement of the judgment subjecting the judgment debtor to arrest and imprisonment was proper.

Appeal from Municipal Court, Borough of Brooklyn, Second Dis-trict.

Action by Sam Saffier against Alexander Haft. Appeal by plaintiff from a judgment dismissing the complaint and awarding costs in favor of defendant. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and WOODWARD, JJ.

Abraham B. Schleimer, for appellant.

Bernard Shaw, for respondent.

WILLARD BARTLETT, J. The pleadings in this case were oral. The return states that the plaintiff complained of the defendant for

"$500 damages obtaining goods under false pretenses on assigned claim." The answer was a general denial. After issue was joined, the plaintiff served a written bill of particulars, setting up false representations made with intent to cheat and defraud the Consolidated Chandelier Company; a sale and delivery of gas fixtures by the Consolidated Chandelier Company to the defendant, induced by such false representations; and a failure to pay $525, the reasonable value of the goods sold and delivered. The bill of particulars further alleged that before the commencement of the action, for value received, "the said Consolidated Chandelier Co. sold, assigned, and transferred the foregoing claim to the plaintiff."

The plaintiff failed to prove the alleged assignment upon the trial. He offered in evidence an assignment in writing, signed and acknowledged by one Bennett Sanberg. The material portion of this paper reads as follows:

"For value received, I Bennett Sanberg, have sold, assigned, and transferred and hereby sell, assign, transfer and set over unto Sam Saffier, all my right, title and interest in and to my claim I have against Alexander Haft, arising out of a sale of goods for the sum of Five Hundred ($500.00) Dollars by the undersigned to Alexander Haft, obtained by the latter under false and fraudulent representations as to his financial standing."

This instrument contains no reference whatever to the Consolidated Chandelier Company, and the only attempt to connect Mr. Sanberg with that company is the evidence of one Joseph Newmark, who described himself as the manager of the company, and he swore that Bennett Sanberg was "the owner of the Consolidated Chandelier Company." It does not appear whether the Consolidated Chandelier Company was a corporation, or a voluntary association, or merely a corporate name under which some individual or individuals transacted business. The law does not recognize any such thing as the "owner" of a corporation, and it is impossible to tell what the witness Newmark meant by thus designating Bennett Sanberg. In the brief for the appellant it is asserted that the concern was not a corporation, and that Mr. Sanberg was doing business under that name, and was its sole proprietor; but this statement is not supported by anything in the testimony. As the case stood at the close of all the proof, the alleged assignment had not been established, and the complaint was properly dismissed on that ground, if no other. Under these circumstances it is not necessary to consider the other questions discussed in the briefs relative to the sufficiency of the evidence in behalf of the plaintiff to make out the alleged misrepresentations.

The amended judgment contains a statement to the effect that the judgment debtor is subject to arrest and imprisonment, and it is contended on behalf of the appellant that this portion of the judgment is not authorized by law. It appears to be settled by authority, however, that in an action of tort, where the defendant is liable to arrest and imprisonment if the plaintiff succeeds, a judgment in favor of the defendant for costs may be enforced by execution against the person. Philbrook v. Kellogg, 21 Hun, 238; Miller v. Woodhead, 52 Hun, 127, 5 N. Y. Supp. 88. Section 15 of the Code of Civil Procedure, relied upon by the appellant, expressly excepts costs awarded by a final

judgment from the prohibition against arrest and imprisonment for the nonpayment of costs. The Matter of Humfreville, 154 N. Y. 115, 47 N. E. 1086, relates to a proceeding in the Surrogate's Court, and has no application to an action at law for a tort.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.