(109 App. Div. 754)

### LOSAW v. SMITH.

(Supreme Court, Appellate Division. Third Department. November 21, 1905.)

1. FALSE IMPRISONMENT—ORDER OF DISCHARGE—CONCLUSIVENESS.
    An order discharging the prisoner in habeas corpus proceedings is not conclusive as to the wrongfulness of the restraint in a subsequent action for false imprisonment.

2. EXECUTION—AGAINST PERSON—JUDGMENT FOR COSTS.
    Code Civ. Proc. § 549, subd. 2, authorizes arrest of defendant in actions for trespass on land. Section 1487 provides that, where a judgment can be enforced by execution as provided in section 1240, it may be enforced by execution against the person where plaintiff's right to arrest defendant depends on the nature of the action. Section 15 provides that a person shall not be arrested or imprisoned for the nonpayment of costs awarded otherwise than by final judgment, etc. *Held* that, where a judgment for defendant in an action for trespass on land was reversed on appeal and judgment rendered against defendant for costs, execution against defendant's person might issue on that judgment.
    Chase, J., dissenting.

Appeal from Trial Term, Schuyler County.

Action by George Losaw against M. Truman Smith. From a judgment for plaintiff, and from an order denying a motion for dismissal of the complaint, defendant appeals. Reversed.

In 1903, the defendant, Smith, sued the plaintiff, Losaw, in justice's court for trespass on real property. Issue was joined in said action and a trial was had, which resulted in a verdict of a jury in favor of Losaw, and judgment was entered for costs against Smith. An appeal was taken to the County Court, where the judgment of the justice's court was reversed, and

a judgment was entered thereon against Losaw in favor of Smith for $55.24. Smith caused execution to be issued against the property of Losaw upon said judgment, which execution was returned wholly unsatisfied. Thereafter, and after the time to appeal from the judgment had expired, Smith caused an execution to be issued thereon against the person of Losaw, and Losaw was taken by the sheriff under and by said execution against his person and confined in the county jail. While so confined in the county jail Losaw presented a petition to the County Court for a writ of habeas corpus, and such writ was issued, to which writ the sheriff made his return, claiming to hold said Losaw under and by virtue of said execution against his person. On the return day of the writ the proceeding was adjourned, and notice was given to the attorneys of Smith as provided by section 2038 of the Code of Civil Procedure. On the adjourned day Smith did not appear and Losaw was discharged from custody. Thereafter Losaw brought this action against Smith for false imprisonment. Issue was joined, and on the trial thereof the court held as matter of law that the imprisonment of Losaw was wrongful, and submitted to the jury the question of damages only. A verdict was rendered in favor of the plaintiff, on which the judgment appealed from was entered. At the opening of the trial, at the close of the plaintiff's evidence, and at the close of the trial, before the case was submitted to the jury, the defendant moved to dismiss the plaintiff's complaint, which motions were denied.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

William Austin, for appellant.
O. P. Hurd, for respondent.

PARKER, P. J. In People ex rel. Lawrence v. Brady, 56 N. Y. 182, 191, the court say:

"We are of opinion that the previous adjudications in proceedings on habeas corpus are no answer to a new writ issued on the application of the relator. * * * In this case the relator is restrained of his liberty, and a decision under one writ refusing to discharge him did not bar the issuing of a second writ by another court or officer."

In Matter of Quinn, 2 App. Div. 103, 37 N. Y. Supp. 534, the court say:

"It is settled law that, with the exception of a narrow class of cases, such as the custody of infants, a decision on habeas corpus does not create an estoppel, even upon renewals of the writ, and never operates as a former adjudication in other litigations."

We hold, therefore, that the order discharging Losaw from custody in the habeas corpus proceedings was not res adjudicata as against the defendant in this action.

The question remains whether the trial court was correct in holding that the imprisonment of the plaintiff upon the execution issued by the defendant was as matter of law a wrongful and unlawful act. It is very clear that in the action which Smith brought against Losaw before the justice, if he had recovered, he could have execution against the person of Losaw for the recovery and for costs. The nature of the action, it being for trespass on real estate, warranted such an arrest. Code Civ. Proc. § 549, subd. 2; Gates v. Fargo, 4 App. Div. 544, 38 N. Y. Supp. 1004. It also seems very clear that the judgment of the County Court, reversing on appeal the judgment of the justice and rendering costs against Losaw, but not directing any new trial thereof, was a final judgment in the action against him. Although it is true that it does not determine whether Losaw did or did not commit the wrongs

which in such action are charged against him, it put an end to that litigation. The judgment, therefore, is clearly one upon which execution against the person may issue under the provisions of section 1487 of the Code, as that section has frequently been interpreted by the courts, In Saffire v. Haft, 86 App. Div. 284, 286, 83 N. Y. Supp. 763, 764, it is stated as follows:

"It appears to be settled by authority, however, that in an action for tort, where the defendant is liable to arrest and imprisonment if the plaintiff succeeds, a judgment in favor of the defendant for costs may be enforced by execution against the person."

And the cases of Philbrook v. Kellogg, 21 Hun, 238, and Miller v. Woodhead, 52 Hun, 127, 5 N. Y. Supp. 88, are cited as authority for the proposition. The former case goes to the extent of holding that under section 1487, in an action to recover damages for conversion of personal property, where the costs exceed the damages and judgment for the excess is entered in favor of the defendant, an execution for such excess may be issued against the person of the plaintiff; and in the latter case it is held that under the same section execution against the person of the guardian of an infant plaintiff may be issued to collect costs adjudged to the defendant upon the dismissal of the complaint in an action for negligently injuring the infant. See, also, Davids v. Brooklyn Heights R. R. Co., 104 App. Div. 23, 93 N. Y. Supp. 285. It is also further said in Saffire v. Haft, above cited, that section 15 of the Code, which was there relied upon by the plaintiff as exempting him from such an arrest, expressly excepts costs "awarded by a final judgment from the prohibition against arrest and imprisonment for the nonpayment of costs."

It is urged by the respondent's attorney that it has never been shown that Losaw has committed any wrong, and that hence it is an outrage to imprison him because he cannot pay the costs of the action that was brought against him. This claim was urged and recognized in Parker v. Spear, 62 How. Prac. 394; but it was there said that "the judiciary have no power to make the law," and hence the rule was there enforced as it was found to have been enacted. With this sentiment I heartily agree. The decisions above cited clearly establish the proposition that section 1487 applies to the collection of costs, as well as to the claims for damages recovered, and in each one of them the execution ran against the person of one who had not been adjudged guilty of any wrongful act. No law has as yet been enacted in this state relieving either party in an action like this from the collection of costs by execution against the person, provided such costs were awarded by final judgment in the action. On the contrary, by the provisions of section 15 the Legislature indicated its purpose not to do so, and hence the wrong to which the respondent here complains can be relieved only by legislative, and not judicial, action.

I am of the opinion that the trial court erred in holding that the imprisonment of Losaw was wrongful, and that for such error this judgment must be reversed.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur, except CHASE, J., who dissents, and HOUGHTON, J., not voting, not being a member of the Court at the time this decision is handed down.

CHASE, J. (dissenting). There is no reported case where the exact contention of the appellant has been sustained, and I am not in favor of extending the right to imprison· for debt. The construction of the statutes so as to authorize a defendant to issue execution against the person of a plaintiff on a judgment against him for costs, where an action has been brought by him for a tort in which he has failed to recover, is based upon a contention in conformity with the principle that "all they that take the sword shall perish with the sword." It is now proposed to further sustain the right to imprison for debt by strictly construing the language of section 15 of the Code of Civil Procedure, so as to authorize the imprisonment of a defendant although he has never taken the sword and although the plaintiff has failed to establish his complaint. By said section 15 it is provided that a person shall not be arrested or imprisoned for the nonpayment of costs awarded otherwise than by a final judgment or a final order made in a special proceeding instituted by a state writ. In this case the judgment of the County Court, reversing the judgment of the justice's court in favor of Losaw, without remanding the case for a new trial, is final, in that it puts an end to this action; but it is not a determination that Losaw committed the wrong charged in the complaint. Smith not only failed in the justice's court to obtain a judgment establishing that Losaw had trespassed upon his real property, but the judgment in the County Court left the controversy wholly undetermined, although a new action can be brought by Smith to recover damages for the wrong claimed by him. In construing the statute we must look to the purpose for which it was enacted. An execution against the person is allowed to compel the payment of a judgment for damages occasioned by a wrong, and as some punishment to the person committing the wrong if he does not pay the damages occasioned thereby. The construction of the statutes contended for by the appellant permits a person, who is wholly innocent of any wrong, to be imprisoned if by some error of the court, for which he is not personally responsible, a judgment in his favor on the merits is subsequently reversed, with costs.

Section 15 of the Code of Civil Procedure seems to have been enacted for the express purpose of preventing an arrest or imprisonment for the nonpayment of costs, unless the wrong charged in the complaint is first finally established against the defendant, or the action is terminated against the plaintiff's contention; and I think it should be so construed in this case, and that the judgment and order should be affirmed, with costs.