KATHLEEN DOUGHTY, Plaintiff, *v.* ARTHUR PALLISSARD, MONARK MOTOR FREIGHT SYSTEM, INCORPORATED, and IRA ROSENBLUM, Doing Business under the Name and Style of MONARK POULTRY & EGG Co., Defendants.

Supreme Court, Trial Term, Albany County, March 31, 1938.

*Byrne, Jeram & Casey* [*Joseph P. Keenan* of counsel], for the plaintiff.

*Brown & Gallagher* [*Oscar Brown* of counsel], for the defendants.

BERGAN, J. An allegation in a complaint not denied by the answer is deemed not controverted thereby, and the silence of the pleader is usually treated as an " admission " against him for the purposes of the action. " It is an ancient rule of pleading that each party tacitly admits all such traversable allegations on the opposite side as he does not traverse." (Jones, The Law of Evidence [2d ed.], § 273 [275].)

The literal provision of the governing statute, however, is that each material allegation of the complaint, not controverted by the answer, " must be taken as true for the purposes of the action." (Civ. Prac. Act, § 243.) The admission, accordingly, is a constructive one for a limited purpose, and the purpose, I think, must be said to be primarily designed to provide limitations upon the issue. When a pleading so framed has been abandoned and superseded in the action by one which controverts the fact, the effect of the prior constructive admission must be deemed largely, if not entirely, destroyed. There is some similarity between this situation and the constructive admission of facts upon a motion addressed to a pleading. The admission of the facts pleaded terminates when the motion has been denied, and thereafter cannot in any sense be treated as evidence of an admission against the moving party. " As a rule of evidence a demurrer is not an absolute admission of any fact. It simply admits those facts which are well pleaded for the sole purpose of having their legal sufficiency determined by the court. * * * The statements in the pleadings demurred to are no evidence on questions of damages, or when the cause is tried on the merits." (Jones, The Law of Evidence, supra, § 273 [275].)

Concerning the Code predecessor to Civil Practice Act, section 243, it has been said: " It will be noticed, however, that it is only admissions that are competent, and the failure of a defendant in an action to deny by his answer a statement made against him in the complaint is not an admission for all purposes whatever of the truth of such statement, although, pursuant to the code, for the purposes of the action it must be taken as true." (Bank of Metropolis v. Faber, 38 App. Div. 159, 162.) There it was held that the failure to deny a fact in one action is not available as evidence against the pleader in another action.

If the effect of the constructive admission thus be limited to the action in which the pleading is entered, it must be limited in that action to the continuity of the pleading as such, and, when it is superseded by a pleading controverting the fact, the entire effect of the prior failure to deny is lost. This is to hold that such a constructive admission is not available at all as evidence against

the pleader, since its purpose, if not superseded by amendment, is not evidentiary, but solely designed to fix the issues in the action.

"A constructive admission, as by failure to deny a traversable allegation, has no probative value, although, so far as necessary to effectuate its purpose, it is, even if not offered in evidence, conclusive on the specific issue to which it applies, unless or until changed by amendment or otherwise." (22 C. J. 331, § 372.) I have examined a number of the authorities upon which this statement is based, but none seems to have turned upon the precise situation presented here. In *Koons* v. *St. Louis Car Co.* (203 Mo. 227; 101 S. W. 49) it was said that admissions made under misapprehension of the facts in an abandoned pleading are properly excluded. And in this State it has been held that the failure to deny in an answer the execution of a contract is not deemed an admission of execution when elsewhere in the pleading fraud is alleged from which it might be determined the contract was void. (*Harlow* v. *La Brum*, 82 Hun, 292.)

Treated as an admission, however, nothing more was conceded than the ultimate fact pleaded in the complaint. The use of "and/or" in reference to the control of the truck by the present defendants in a pleading of the ultimate fact of control at the time of the accident is reasonably susceptible of the construction that either or both of such defendants so controlled it. That this was not denied by defendant Monark Motor Freight System, Incorporated, is not an absolute or unequivocal admission by such defendant that it did control the vehicle. It is an admission that either defendant may have control, or in the alternative, that both controlled it. A pleading must contain a "plain" as well as a concise statement of the material facts upon which the pleader relies. (Civ. Prac. Act, § 241.) A pleading susceptible of alternative construction is something less than that, especially when the pleader seeks to treat the failure to deny such an allegation as an admission.

Long ago it was said: "The allegations in a pleading which are taken as true for the purpose of the action, if not controverted by the adverse party, are *material* allegations. (Code, § 168.) Matters upon which no material issue could be framed are not admitted by omitting to notice them. Nothing is admitted but matters well pleaded." (*Harlow* v. *Hamilton*, 6 How. Pr. 475, 478.)

At the time defendant's motion was made at the trial, plaintiff conceded that the only fact established in support of her case against the corporate defendant was the former pleading. She now urges, in her brief, that there appears, somewhat obscurely, on one of the photographs of the truck in evidence, a sign which could be

sufficient to constitute a *prima facie* case. It is enough to say that this position was not taken when the motion was made at the trial, and the reason the case against this defendant was not submitted to the jury was that the question of the effect of the pleading as an admission was solely a question of law.

The motion at the close of the whole evidence in the corporate defendant's case to dismiss the complaint as against such defendant, upon which decision was reserved, is granted. Since the question of law presented was at least debatable, and since the Statute of Limitations has not yet run, the order may provide that the dismissal is without prejudice. (Civ. Prac. Act, § 482.)

Submit order.