In the Matter of the Application of GORDON POST et al., for a Writ of Habeas Corpus to Inquire into the Cause of Detention of EDNA POST, an Infant.

Supreme Court, Special Term, Rensselaer County, June 27, 1951.

*Bernard Cohen* for Gordon Post and another, petitioners.

*M. Andrew Dwyer, Jr.,* for Guardian Angel Home.

*John W. Nichols* for Commissioner of Public Welfare, Saratoga County.

TAYLOR, J. On January 5, 1951, Edna Post, an infant fourteen years of age, was committed by the Children's Court of Saratoga County to the custody of Saratoga County Commissioner of Public Welfare who thereafter placed the child in the Guardian Angel Home at Troy, New York. The proceeding in that court was instituted by the petition of the police chief of the Village of Stillwater where the infant resided which charged her with juvenile delinquency. The petitioners herein who are the parents of the child challenge the jurisdiction of the Children's Court to have made the committing order by way of habeas corpus which is the proper remedy. (*People ex rel. Schoen* v. *Murphy,* 243 App. Div. 216.)

Jurisdiction is claimed to have been acquired by the voluntary appearance of the parties which the order of commitment recites. Mere assertion of jurisdiction in a commitment is not conclusive and it may be shown on habeas corpus that the court acted without authority. It is not disputed in the instant case that no summons requiring their appearance in court was issued to or served upon the required parties pursuant to the provisions of sections 11 and 12 of the Children's Court Act. Waiver of compliance with that statute by their voluntary appearance would have conferred jurisdiction. To be effectual for that purpose, however, the voluntary appearance must have been with full intent to appear in the proceeding after knowledge of its institution and after a reasonable understanding of its

nature. The physical presence of the parties in the courtroom *ipso facto* was not enough. (*Merkee* v. *City of Rochester,* 13 Hun 157.)

The showing here upon undisputed testimony negatives any valid voluntary submission by the parties to the jurisdiction of the Children's Court in the proceeding which has culminated in the commitment.

The other contentions of the petitioners that the restraint of their child is illegal because the Children's Court failed to advise her and them of their claimed constitutional and statutory rights are without merit for the reason that the proceeding in the Children's Court which involved juvenile delinquency was not a criminal one which required statutory compliance with or constitutional observance of the procedural safeguards accorded a defendant in a criminal case. (*People* v. *Lewis,* 260 N. Y. 171; *People* v. *Pikunas,* 260 N. Y. 72.)

Since the Children's Court never acquired jurisdiction to make the order which it has, the writ of habeas corpus must be sustained and the child discharged from the custody of the Guardian Angel Home at Troy, New York, to which she has been committed. No costs.

Submit order accordingly.