In the Matter of the Application of GORDON POST et al., Respondents, for a Writ of Habeas Corpus to Inquire into the Cause of Detention of EDNA POST, an Infant. WALTER A. LYFORD, as Commissioner of Public Welfare of Saratoga County, Appellant.

Third Department, June 13, 1952.

*John W. Nichols* for appellant.

*Samuel Caplan* and *Bernard Cohen* for respondents.

HEFFERNAN, J.  On January 5, 1951, the police chief of the village of Stillwater presented a petition to Children's Court of Saratoga County alleging, in substance, that Edna Post, a child fourteen years of age, was delinquent.  Later on the same day the child and her parents appeared before the Children's Court.  No summons was issued requiring their attendance before that court as provided in section 11 of the Children's Court Act.  The proof before the Special Term disclosed that the police chief asked the parents if it would be all right if he took the child before the judge so that the latter might " give her a good talking to ".  The parents assented to this procedure. Neither parent realized that there was to be any trial or hearing. The parents were in court when the child was produced before the judge.  The undisputed testimony shows that the parents never voluntarily appeared in the Children's Court.  They were not advised that they had the right to be represented by counsel or to participate in the proceedings.  At the conclusion of the hearing the Children's Court adjudged the child to be delinquent and he directed her commitment to the Commissioner of Public Welfare of the county and thereafter the latter official committed her to the Guardian Angel Home at Troy, New York,

Upon the return of the writ of habeas corpus the appellant and respondents were represented by counsel and the institution to which the child had been committed was also represented. The learned Justice at Special Term conducted a hearing and took all the testimony which the parties offered, at the conclusion of which he ordered the discharge from custody of the child on the ground that the Children's Court never acquired jurisdiction of the parties and that no lawful cause for the restraint of such child had been shown. From that order the appellant has come to this court.

It is crystal clear that the Children's Court never acquired jurisdiction of the infant or of the parents. Upon the filing of the petition alleging that the child was delinquent the court was required to issue a summons directed to the child and to her parents to show cause why the child should not be dealt with according to law. No such process was issued and hence it is clearly evident that the court never acquired jurisdiction of the parties. The Children's Court is one of inferior and limited jurisdiction; its jurisdiction will never be presumed and the facts necessary to confer jurisdiction in any particular case must affirmatively appear in the record (*People* v. *Smith*, 266 App. Div. 57, 60).

We think the learned Justice at Special Term correctly disposed of this matter and his order should be affirmed.

FOSTER, P. J., BREWSTER, BERGAN and COON, JJ., concur.

Order affirmed, without costs.