EDNA POST, an Infant, by ESTHER Q. FARRELL, Her Guardian ad Litem, Respondent, *v.* WALTER A. LYFORD, as Commissioner of Public Welfare of Saratoga County, et al., Appellants.

ESTHER Q. FARRELL, Respondent, *v.* WALTER A. LYFORD, as Commissioner of Public Welfare of Saratoga County, et al., Appellants.

Third Department, November 18, 1954.

*James J. McNaughton* and *John W. Nichols* for appellants.

*Samuel Caplan* and *Bernard Cohen* for respondents.

*Per Curiam.* These are appeals from orders granted by the Special Term under subdivision 6 of rule 109 of the Rules of Civil Practice, striking out affirmative defenses from the defendants' answers on the ground that they were insufficient in law.

The actions were brought by an infant and her mother to recover for the false imprisonment of the infant. It is alleged that the infant plaintiff was caused to be incarcerated in the

Guardian Angel Home of Troy, New York, by the defendant Walter A. Lyford, as Commissioner of Public Welfare of Saratoga County, pursuant to an order of the Children's Court which it is alleged was jurisdictionally defective. It is further alleged in the complaints that a writ of habeas corpus was obtained by the infant's parents and that, by an order of the Supreme Court, the writ was sustained and the infant was discharged from custody upon the ground that the Children's Court had never acquired jurisdiction of the proceeding against the infant (see *Matter of Post,* 199 Misc. 1075, affd. 280 App. Div. 268).

The answers denied that the defendants caused the imprisonment of the infant and denied the allegation that the Children's Court order was wholly void for lack of jurisdiction and the allegation that it appeared on the face of the order that it was irregular and void. However, the answers were silent with respect to the allegations of the complaint setting forth the course of the habeas corpus proceeding and its termination in favor of the infant plaintiff.

The answers set up several affirmative defenses. One defense alleged that the order of the Children's Court was fair and regular on its face. The legal sufficiency of this defense was not challenged by the plaintiffs. A similar defense was held to be sufficient by this court in *Nastasi* v. *State of New York* (275 App. Div. 524, affd. 300 N. Y. 473).

Another group of defenses alleged in substance that the plaintiffs had appeared voluntarily in the Children's Court and waived the issuance and service of a summons and that the Children's Court obtained jurisdiction by reason of the voluntary appearance and that the determination by the Children's Court was correct and proper. These defenses have been stricken from the answer upon the ground that they are insufficient in law.

The orders were apparently predicated upon the theory that the lack of jurisdiction of the Children's Court had been adjudicated in the habeas corpus proceeding, in which the Commissioner of Public Welfare and the County of Saratoga had participated, and that that adjudication was binding in the false imprisonment action.

The propriety of the motion practice pursued by the plaintiffs in this case is open to some question, although no question with respect to it was raised by the defendants either in the court below or in this court. Ordinarily, an affirmative defense, which appears to be sufficient on its face, may not be stricken on

motion on the ground that the defense sought to be raised was barred by a prior adjudication. The provisions of the Rules of Civil Practice for the raising of the bar of *res judicata* by motion relate only to motions addressed to a complaint or counterclaim, not to an affirmative defense (see Rules Civ. Prac., rule 107, subd. 4; rule 110, subd. 5).

A motion may be made to strike out an affirmative defense under subdivision 6 of rule 109 only upon the ground that the defense is insufficient upon its face; no affidavits, such as would be required to bring before the court the facts with respect to a prior adjudication, may be received upon such a motion.

However, in this case we have the peculiar situation that the facts with respect to the prior adjudication are alleged in the complaint and are not denied in the answer.

Technically the failure of the defendants to deny the allegations did not constitute an admission since the allegations were not material to the statement of the plaintiff's cause of action. Only material allegations are deemed to be admitted by a failure to deny (*Bulova* v. *E. L. Barnett, Inc.*, 111 Misc. 151; *Doughty* v. *Pallissard*, 167 Misc. 55), but the defendants' brief in this court makes it clear that the defendants actually intended to admit the allegations of the complaint with respect to the habeas corpus proceeding. The facts are restated in the defendants' brief as conceded facts. The defendants' formal admission may be taken into account in passing upon the sufficiency of the affirmative defense and upon that basis the motion under subdivision 6 of rule 109 may be considered to be a proper one. We therefore pass to a consideration of the merits of the motion.

Upon the merits, we believe that the motion was correctly decided by the court below. Under the settled principle of *res judicata* or more precisely, as applied to this case, the principle of collateral estoppel by judgment, the adjudication of the issues actually litigated in the prior proceeding is binding upon the parties and the same issues may not be relitigated in this action (*Schuylkill Fuel Corp.* v. *B. & C. Nieberg Realty Corp.*, 250 N. Y. 304; Restatement, Judgments, § 68). No logical reason can be found for excluding a final order sustaining a writ of habeas corpus from the operation of this principle. The cases relied upon by the defendants as supporting a contrary view are not apposite. Where a writ of habeas corpus has been dismissed and the prisoner continues to be held in custody, the prior adjudication is held not to be a bar to a new application for a writ of habeas corpus, even though the grounds may be the same as those previously passed upon (*People ex rel. Lawrence* v. *Brady*,

56 N. Y 182). The same view is taken with respect to applications in the nature of writs of error *coram nobis* (*Matter of Bojinoff* v. *People,* 299 N. Y. 145, 151–152). But this rule has no bearing upon the *res judicata* effect of an order sustaining a writ of habeas corpus. The rule permitting relitigation at the behest of the prisoner, after the denial of a writ, is based upon the fact that the detention of the prisoner is a continuing one and that the courts are under a continuing duty to examine into the grounds of the detention. If a prisoner is being deprived of his liberty in reliance upon a void conviction, no erroneous adjudication of its validity will be allowed to foreclose further inquiry into the matter (*Matter of Bojinoff* v. *People, supra*).

If, however, the writ was sustained and there was an adjudication that the order under which the prisoner had been detained was jurisdictionally defective, the adjudication is binding upon the parties in any subsequent proceeding or action, if it is not reversed or annulled upon appeal (*Nastasi* v. *State of New York,* 194 Misc. 449, revd. on other grounds 275 App. Div. 524, affd.. 300 N. Y. 473, *supra*; *Castor* v. *Bates,* 127 Mich. 285; *Turgeon* v. *Bean,* 109 Maine 189; 25 Am. Jur., Habeas Corpus, § 157; 39 C. J. S., Habeas Corpus, § 104, pp. 697–698).

Defendants rely chiefly upon a statement to the contrary in *Losaw* v. *Smith* (109 App. Div. 754), but that statement was based upon a misapprehension of the holding of the Court of Appeals in *People ex rel. Lawrence* v. *Brady* (56 N. Y 182, *supra*). The *Brady* case reasserted the principle under which prisoners are permitted to make repeated applications for a writ of habeas corpus. It did not hold that the principle of *res judicata* was not applicable to an order sustaining a writ of habeas corpus. A similar misapprehension of the holding of the *Brady* case accounts for the obiter dictum in *Matter of Quinn* (2 App. Div. 103), which is cited and followed in the *Losaw* case. The statements in the *Quinn* and *Losaw* cases are contrary to the overwhelming weight of authority (see cases cited *supra*). We are constrained to conclude that the statements are erroneous and should not be followed.

The orders appealed from should be affirmed, with costs.

BERGAN, J. P., COON, HALPERN, IMRIE and ZELLER, JJ., concur.

Orders affirmed, with $10 costs.