PAUL WATERMAN, Appellant-Respondent, *v.* STATE OF NEW YORK, Respondent-Appellant. (Claim No. 32473.)

Fourth Department, March 7, 1956.

*Robert W. Harnett* and *Wilfred E. Hoffman* for appellant-respondent.

*Jacob K. Javits, Attorney-General* (*Joseph H. Murphy* and *James O. Moore, Jr.,* of counsel), for respondent-appellant.

*Per Curiam.* This is an action for false imprisonment growing out of the detention of a convict whose maximum term is claimed to have expired nearly two years before he was released from Attica State Prison on a writ of habeas corpus. Claimant was convicted of robbery in the third degree after November 1, 1945, and " committed to the Reception Center of the Department of Correction at Elmira, New York, for classification and confinement pursuant to article 3-A of the Correction Law ". The duration of such confinement was never judicially determined.

The question chiefly argued on this appeal was whether claimant's maximum term was five years or, as the State maintains, the maximum permissible by law for robbery in the third degree, which is ten years. Assuming that, in spite of the outcome of the habeas corpus proceeding, we may consider the legality of claimant's detention (cf. *Post* v. *Lyford*, 285 App. Div. 101), we are satisfied that his maximum term expired in five years (*People ex rel. Johnson* v. *Martin*, 283 App. Div. 478, affd. 307 N. Y. 713). Deprived by article 3-A of the Correction Law of the authority to select the place of confinement, the committing court retained full

power to fix the duration of the imprisonment, within the limits set by the Penal Law. This power the court did not exercise. By explicit legislative direction, therefore, claimant's maximum term was five years (Penal Law, § 1931).

This is not a case of judicial error. The illegal detention was the result of nothing which the commitment directed. The commitment did not direct that claimant be imprisoned for any length of time. It merely directed that he be transferred to the Elmira Reception Center, which was not only proper but necessary. The wrong in this case consisted of the detention of the claimant, subsequent to the commitment and for a period of time which the commitment did not authorize, much less require.

The claimant on his appeal, complains of the inadequacy of the award ($3,500). We have reviewed the record relating to this subject, and in view of the circumstances therein revealed, we conclude that the award is adequate.

The judgment should, therefore, be affirmed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Williams, JJ.

Judgment affirmed, without costs of this appeal to either party.