Matthew M. Levy, J.
The identical issues now presented by the relator were passed upon by my learned colleague in Lenefsky (on behalf of Siskind, the same relator) v. Silberglitt (N. Y. L. J., Jan. 7,1957, p. 10, col. 1 [Sup. Ct., Bx. Co., Flynn, J., Index No. 2867-1956: see record and briefs]). This is a so-called criminal writ, as distinguished from one which involves the custody of an infant (see People ex rel. Hahn v. Haines, 1 A D 2d 263, 267, affd. 1 N Y 2d 835). As such, notwithstanding some conflict of authority (see 39 C. J. S., Habeas Corpus, § 105, pp. 698 et seq.; People ex rel. Bravata v. Morhous, 273 App. Div. 929) and despite the criticism of some text writers (see 1 Van Fleet on Former Adjudication [1895], 93), I am of the view that, under the established law in this State, the determination thus made is not res judicata in the sense that the prior dismissal is ipso facto conclusive upon me [People ex rel. Sabatino v. Jennings, 221 App. Div. 418, 420, affd. 246 N. Y. 624; People ex rel. Lawrence v. Brady, 56 N. Y. 182, 192). Nevertheless, it seems to me that, in the absence of a showing of facts or circumstances differing from those urged on the previous writ or of an obvious misconstrue *984 tion of the applicable law, the decision, on the earlier hearing may justifiably be followed. There is such absence here. ;
The statute provides, in subdivision 7 of section-1234 of the Civil Practice Act, that the petition for a writ of habeas corpus ‘ ‘ must state ’ ’ among other things ‘ ‘ whether any previous application has been made for the writ asked for; and if there has been a previous application, or applications, to what court or courts, or judge or judges made, and the determination made thereof; * * * and it must also state what new facts, if any, are shown upon such subsequent application that were not previously shown.” The statute further provides that “ [f]or failure to comply with the provisions of this section or to state any new facts other than were stated in the previous application, the writ made on such subsequent' application may be vacated without notice or the application may be denied”. In the case at bar the relator’s petition referred to the prior writ before Mr. Justice Flynn, but neither in the petition nor on the hearing did he present any ‘ ‘ new facts ’ ’ whatsoever.
In the proceeding before me, the relator represented himself, and I undertook to look, independently, into his contentions that relevant and binding authorities were overlooked in the disposition of his previous application, and that therefore he is being illegally, restrained of his liberty. I find no merit in the relator’s arguments. The relator contends that, in the face of his release on parole on an earlier penitentiary term, the Court of ¡General Sessions was without jurisdiction to impose a further sentence to the penitentiary for the later crime. The answer is that this argument was overruled when the sentence which the relator complains of was sustained on appeal (People v. Siskind, 309 N. Y. 688). Also, the relator is not entitled to credit on his sentence for the time during which he was out of prison, by virtue of a certificate of reasonable doubt, awaiting disposition of the appeal (cf. People ex rel. Uebelmesser v. Carter, 176 App. Div. 804).
The writ is dismissed and the prisoner remanded. Order signed.